## Noonan vs. Orton and McNab.

*Order to compel discovery : What affidavits must show.*

1. Under the present C. C. Rules, 5–7, a plaintiff who applies for an order of court to compel the discovery of documents under the control of defendant, which may be necessary to enable such petitioner to frame his complaint, must not only show by his affidavits that he "is advised by his counsel and verily believes" that they are necessary for that purpose, but must also state "facts and circumstances" from which the court can see that such necessity exists.
2. *It seems* to be unimportant whether such an application is made by a formal *petition.*

APPEAL from the County Court of *Milwaukee* County.

The defendants appealed from an order of the county court, the character of which is stated in the opinion.

*John J. Orton,* one of the defendants, in person, to the point that the application should be by *petition,* and not by affidavit,

cited Rule 6, Rules of 1857 ; Rule 55, Rules of 1849 ; 6 How., 398; 5 id., 451 ; 2 Sandf., 662 ; N. Y. Code, 735, sec. 38, and cases cited.   2.  To the point that the affidavits should disclose the facts fully, so as to enable the court to judge of the necessity and relevancy of the evidence sought, he cited 1 Duer, 652, 661 ; 6 id., 695 ; 10 Abb. Pr. R., 340 ; 6 How. Pr. R., 398; 17 id., 480 ; 18 id., 519 ; 26 id., 177 ; 2 Sandf., 662.   3.  To the point that the order should not be made when it is manifest that the party applying has no cause of action or ground of defense, as the case may be, he cited 2 Bosw., 669.

*Jason Downer*, for respondent, to the point that the application should not have been denied because not in the form of a petition, cited *Johnson v. Silver Mining Co.*, 2 Abb. Pr. R. (N. S.), 413 ; C. C. Rule 28,  He also contended that the plaintiff's affidavit in this case showed clearly the nature of the document of which discovery was sought, and how and why such discovery was necessary, to wit, that the suit was brought to rescind such written transfer, made in violation of an express stipulation in the partnership agreement between *Noonan* and *McNab* ; and that this was sufficient to bring the case within the rule. *Ruberry v. Binns*, 5 Bosw., 685 ; *Stanton v. Delaware M. Ins. Co.*, 2 Sandf., 662 ; *Case v. Banta*, 9 Bosw., 595.

COLE, J.  The question as to the appealability of this order has already been decided, and nothing further need be said upon that point.  We will therefore now proceed to consider the order on its merits.

The order in effect requires the defendants, within twenty days after the service of the same upon them, to deliver to the attorney of the plaintiff a sworn copy of the written contract or contracts by which the defendant *McNab* sold and transferred to his co-defendant the whole or any part of his interest in the partnership property of the late firm of Noonan and McNab, or by which *Orton* acquired an interest therein ; and also a sworn copy of all and any writings in their pos

session or under their control, which are evidence of or relate to such contracts of sale.

It is claimed by the defendants that the application for this order was defective in form and substance, and that it never should have been granted on the papers presented to the county court. The form of the application might perhaps be held a sufficient compliance with the rules of court upon the subject, providing the affidavits upon which the order was granted had stated "the facts and circumstances" which showed that a discovery of the contracts was necessary to enable the plaintiff to frame his complaint. But it appears to us that the affidavits fail to show that such discovery is necessary.

The action is brought to rescind a sale and transfer by *McNab* to *Orton* of the former's interest in the copartnership property of the firm of Noonan & McNab, or some part thereof, which sale has been made in violation of a stipulation or agreement in the articles of copartnership. The plaintiff, in his affidavit, states that he is informed and believes that this contract of sale is in writing, and contains the evidence of such sale and transfer, and that it also contains evidence relating to the merits of the action, and that such contract is in the possession or under the control of the defendants, or one of them. Further, that the written contract, of which discovery is sought, is not in his possession or under his control, and that he is advised by his counsel Jason Downer, and verily believes, that the discovery of the written transfer and sale, and of all contracts or writings relating to the same, is necessary to enable him to draw the complaint in the action; and he therefore asks that an inspection and copy of the written transfer and sale may be given him. The affidavit of Judge Downer contains substantially the same matters, and the further statement, that, being informed that the written contract was in the possession of A. R. R. Butler, of the firm of Butler & Winkler, who are attorneys of *McNab* in the action, he applied to Mr. Butler to see the same, which the latter declined letting him see. This is the substance of the affidavits.

The proceeding is under rules 5, 6 and 7 of the present rules of the circuit court, and rules 54 and 55 of the circuit court rules of 1854. These rules prescribe the manner in which an application shall be made by the plaintiff to compel the discovery of books, papers or documents in the possession or under the control of the defendant, which may be necessary to enable him to frame his complaint. He must make his application by *petition* for such discovery, which petition shall state the *facts and circumstances* on which the same is claimed, and shall be verified by affidavit stating that the books, papers and documents whereof discovery is sought, are not in the possession nor under the control of the party applying therefor, and that he is advised by his counsel and verily believes, that the discovery of the books, papers or documents mentioned in the petition is necessary to enable him to draw his complaint. Rule 55, Rules of 1854 ; and Rule 6, Rules of 1857.

We have attached no importance to the fact that the application in this case was founded upon affidavits rather than by a formal petition. But it appears to us that the affidavits are insufficient because they do not state the *facts and circumstances* which show that it is material and necessary that the plaintiff should have a discovery in order to frame his complaint. As already observed, this action is brought to rescind a contract of sale of an interest in copartnership property, made by the defendant *McNab* to his co-defendant, for the reason that this sale was made in violation of a stipulation in the articles of copartnership. If the plaintiff is entitled to have that sale set aside, is it not quite immaterial to him what its terms and conditions are? He claims that he is entitled to·have the sale set aside in any event. That is the relief he seeks. Why, then, is it necessary that he should have an inspection and discovery of this contract in order to prove his complaint? We certainly fail to see why or how it is necessary that he should have it. It is true, the plaintiff states in his affidavit that he has been advised by his counsel and verily believes such discovery is

necessary to enable him to frame his complaint. But no facts or circumstances are set forth, from which the court can see that a discovery is material or essential. As we understand the rules, a general statement that the matters as to which a discovery is sought, are material or necessary, is not sufficient. It is requisite to state the facts, in order that the court may see " why or how it is necessary to have the discovery asked in in order to prepare the " complaint. The plain language of the rules is, that the application or petition " *shall state the facts and circumstance on which* " the discovery is claimed ; and this was doubtless for the purpose of enabling the court to see that the plaintiff could not prepare his complaint without the aid of such discovery. We are of the opinion that the order should not have been granted on the application.

*By the Court.*—The order of the county court is reversed, and the cause remanded for further proceedings.