Kraus vs. The Sentinel Co.

## KRAUS vs. THE SENTINEL COMPANY.

*March 9 — March 31, 1885.*

*Libel: Inspection of documents: Tendency to criminate party.*

1. Sec. 4183, R. S., does not conflict with or supersede Circuit Court Rule XIX.
2. Where the power of the court to allow the inspection of papers is general, it may be exercised even in cases of libel, when the pleadings refer to any document.
3. The objection that the production of documents will tend to criminate the party in whose possession they are, must be taken by the party himself on oath.
4. A publication alleged to be libelous charged that the plaintiff presented to the board of registration a list containing 250 names of persons who were not qualified voters and procured such names to be placed upon the registry of legal voters.    The defendant prayed for an inspection and copy of such list as being necessary to enable it to frame its answer.    *Held,* that the production of the list would not, of itself, tend to criminate the plaintiff.

APPEAL from the Circuit Court for *Milwaukee* County. The cause was before this court on a former appeal and is reported in 60 Wis. 425.    The facts necessary to an understanding of the questions determined on this appeal are stated in the opinion.

For the appellant there were briefs by *Jas. G. Jenkins,* of

counsel, and oral argument by *Chas. H. Van Alstine.* After giving a history of the rule (Circuit Court Rule XIX) and the. statute (sec. 4183, R. S.), and after argument upon the point that the application did not show the necessity for the production of the list, they argued, further, that whether the rule and the statute are separate and independent modes of procedure, and whether the application be considered as brought under the rule, or the statute, or both, they are substitutes for the former remedy by bill of discovery. And deposit of papers for inspection can only be had where a bill for their discovery would have been sustained before the statute. *Brandon Mfg. Co. v. Bridgman,* 14 Hun, 122–125; *Willis v. Bailey,* 19 Johns. 268; *Wallis v. Murray,* 4 Cow. 401; *Phelps v. A. & P. Tel. Co.* 46 Wis. 268. The inspection and copy of the paper, if it be what the libel asserts it is, would tend to criminate the appellant; and nothing is better settled than that a bill of discovery will not lie to compel a party to discover that which, if produced or answered in the affirmative, will subject him to punishment, or render him infamous, or expose him to a penalty or a forfeiture. And it is not necessary for the party to make oath or affidavit that he believes the paper, or answer, would tend to criminate him, or subject him to punishment, or expose him to a penalty or forfeiture. *M'Intyre v. Mancius,* 16 Johns. 592, 597; *Taylor v. Bruen,* 2 Barb. Ch. 301; *M'Keon v. Lane,* 2 Hall, 558; *U. S. v. Saline Bank,* 1 Pet. 100; *Stewart v. Drasha,* 4 McLean, 563; *Adams v. Porter,* 1 Cush. 170; *Vanderveer v. Holcomb,* 17 N. J. Eq. 87, 91; *Northrop v. Hatch,* 6 Conn. 361; *Higdon v. Heard,* 14 Ga. 255; *Glynn v. Houston,* 1 Keen, Ch. 329; *Paxton v. Douglas,* 19 Ves. Jr. 225. For this reason a bill of discovery was never allowed in chancery in an action for libel. *March v. Davison,* 9 Paige, 580–588; *Opdyke v. Marble,* 44 Barb. 64; *Bailey v. Dean,* 5 id. 297. And for the same reason inspection of papers should not be ordered under the rule or

the statute. *Byass v. Sullivan*, 21 How. Pr. 50–53; *Brandon Mfg. Co. v. Bridgman*, 14 Hun, 122, 125; *In re Tappan*, 9 How. Pr. 394; *Phœnix v. Dupuy*, 7 Daly, 238; *Corbett v. De Comeau*, 44 N. Y. Super. Ct. 306; *Tupling v. Ward*, 6 Hurlst. & N., 749.

For the respondent there was a brief by *Wells, Brigham & Upham*, and oral argument by *Mr. Brigham*.

ORTON, J.   One of the most important charges in the publication made by the defendant, and charged by the plaintiff as libelous, is that the plaintiff presented to the board of registration of the First ward of the city of Milwaukee, for registration as legal voters therein, the names of 250 persons contained on a *list* made by him, who were not qualified voters in said ward, and presented said list to said board, and procured thereby the names of such persons so entered on said list to be placed upon the registry of legal voters in said ward.   This is substantially the charge in respect to such list contained in said publication as set out in the complaint.   Before answering said complaint, the defendant company, by the affidavit of C. F. Ilsley, the vice-president of said company, states that said list is in the possession or under the control of the plaintiff or of his attorney in the action, and that, by advice of counsel, an inspection and copy of said list are necessary to enable the defendant to frame its answer to the action and prepare its defense therein, and states some facts and circumstances tending to show the necessity of such inspection to fully secure the rights of the defendant in the action.   The motion based upon said affidavit was granted by the circuit court, and an order entered thereon in the form agreed upon by the counsel of the respective parties, without waiver of any objection of the plaintiff to the substance thereof.   This appeal is from that order, and the grounds of objection thereto are (1) that the inspection of such a paper should not be ordered

in a suit for libel; (2) that the submission thereof to such inspection would tend to criminate the plaintiff.

It is not understood that the learned counsel of the appellant disputes the power of the court to order inspection of books, papers, documents, etc., in the possession of the opposing party, in a proper case, either under sec. 4183, R. S., or under rule XIX of the rules of the circuit court, although there is some question made in their brief as to whether the statute and the rule can stand and be in force together. It is sufficient to say as to this question that the present rule substantially has been in force in this state a long time, and long before the present statute was enacted by the Revision of 1858, ch. 137, sec. 93, and the power of the court to make it has been unquestioned, as superseding a bill of discovery. The power of the court to make such a rule being conceded, the only question is, Did the statute so conflict with the rule as to render it inoperative? The rule provides for such examination of the books and papers in the possession or under the control of the opposite party "which may be necessary to enable the applicant to frame his complaint, answer, or reply, as the case may be." The statute allows such inspection of books, papers, and documents in the possession or under the control of the opposite party, "containing evidence relating to the merits of the action or the defense therein." Under the statute, the only purpose is to secure evidence in the case. The statute does not provide for the case of an inspection of books and papers to enable the applicant to frame his complaint, answer or reply. In *Noonan v. Orton*, 28 Wis. 600, the application was made under the rule for this purpose long after the statute was enacted, but the application was held insufficient under the rule. Since the statute, the rule is just as necessary as it was before, in such a case.

1. Then, should the order have been made in such a case,

it being in *libel*. Neither the statute nor the rule makes any such exception. It is sufficient that the application made is in a pending action. Any authorities which make a case of libel under a similar rule an exception, are not based on reasons sufficiently cogent to create an exception to the statute·or the rule when none exists therein. In *Davey v. Pemberton*, 11 C. B. (N. S.) 628, a rule was obtained by the defendant for the inspection of documents referred to in the declaration in a case of libel, and to take *fac-simile* copies thereof by photograph or otherwise. The libel was concerning certain letters, and these letters and their envelopes were the papers to be inspected. The case is much in point. When the power to allow the inspection of papers is general in the statute, it may be exercised in all cases, even in cases of libel, when the pleadings refer to any document. Odgers on Libel & S. 519.

2. The second ground of objection is that the production of that list might tend to criminate the plaintiff. The refusal to answer questions as a witness, and the refusal to produce for inspection certain papers under the rule, for such reason, is a *personal* privilege of the witness or party himself. The rule in both cases should be the same; and it is laid down in *Kirschner v. State*, 9 Wis. 140, as the correct practice in such a case for the person so refusing " to say, on his oath, he believes the answer [the paper] would tend to criminate him." Such is the practice in refusing to answer interrogatories in chancery, and an affidavit to that effect is required. *Fisher v. Owen*, 47 Law J. Ch. 681. In the case of production of documents, " the objection can only be taken by the party himself on oath." Odgers on Libel & S. 518. The plaintiff has not, in this case, made oath that he even fears that the production of this list may tend to criminate him, and it does not appear that it will have such a tendency. For aught that appears, it may tend to sustain

his action, and exculpate him from any charge of criminal conduct. The list of itself, containing the names of 250 persons, is certainly harmless. Their qualifications as voters in the Second ward of Milwaukee is not determined by the list.

It will require other proof than the list itself to criminate the plaintiff or to justify the libel. If a suit is brought on a promissory note and the defendant denies the signature thereto, or alleges it to be a forgery, in his answer, may he not crave oyer of the note, or demand its inspection, against the objection of the plaintiff that its production will criminate him? The note itself is proper and necessary evidence in the case. So, here, this list of names is proper evidence in the case for the defendant, if he plead justification, and its inspection could be ordered under the statute on that ground, against the objection of the plaintiff that if produced it would tend to criminate him. The making of this list by the plaintiff, and its presentation to the board of registry, are material statements in the publication, but of themselves they do not import or impute crime. To justify the libel requires much other proof besides this list. Is there any question but that such a paper could be produced on the trial by the defendant if he have it under his control, although the plaintiff might object that its production would tend to criminate him? In order to introduce it in evidence, or its contents if destroyed, the defendant must first obtain its inspection; and the defendant's vice-president, Ilsley, states as a further reason for the inspection of such list that it may be compared with the names on the registry in order to ascertain the facts. In short, we do not think such an objection ought to prevail against the inspection asked for, (1) because the objection is not urged by the plaintiff himself under oath as a personal privilege; and (2) because it is not apparent that the inspection of the

paper by the defendant on its production by the plaintiff would tend to criminate the plaintiff.

*By the Court.*— The order of the circuit court is affirmed, and the cause remanded for further proceedings according to law.