(Cuyahoga County Common Pleas

D. B. STEUER v. THEODORE F. McCON-
NEL, Sheriff.

(1.) An ordinance by a city council author-
izing a committee to make an investigation, is
valid as authority to investigate although it
may be invalid under sec. 1545-3 R. S., as an
authorization for the expenditure of money.

(2.) The repealing clause of the Cleveland
Federal Plan law, see 1545-85, does not repeal
existing laws applicable to the government of
cities, which do not prevent the operation of
the provisions of such new law.

(3.) Section 11 of the Cleveland Federal
Plan law, section 1545-11 R. S., does not pro-
vent, in terms, the operation of section 1687
R. S., and is not in conflict therewith.

(4.) While under the decision of the U. S.
Supreme Court in Councilman v. Hitchcock,
142 U. S.,547, both section1687 R. S. and sec-
tion 1545-11R. S., may be unconstitutional as
not providing complete immunity for those
who are compelled to make disclosure in an in-
vestigation, yet, the question of unconstitutional-
ity cannot be raised by one who is not a formal
party to a case, criminal in its nature, when it
appears that, in his own opinion, the answer
would not tend to criminate him.

(5.) Both section 1687 R. S., and section
1545-11 R. S., are constitutional in so far as
they do not invade the rights of an individual,
guaranted to him by section 10 of the Bill of
Rights of Ohio.

(6.) The legislature of Ohio has constitu-
tional power to vest a city council or a com-
mittee thereof, with authority to commit a wit-
ness who may refuse to answer pertinent ques-
tions put in the course of an investigation
which is confined within the proper limits of
its lawful functions.

WING, J.

It is claimed that the resolution of Septem-
ber 10th, which purports to authorize the com-
mittee named, to hold the investigation in the
course of which the commitment, the legality
of which is under consideration, was made, is
invalid because it involves the expenditure of
money, and also because some of the pre-
requisites to such legislation as are required
by section 1545-3, were omitted.

The resolution may be invalid as an author-
ization for the expenditure of money, but is
not necessarily invalid as an authority to in-
vestigate.

The investigation contemplated by the res-
olution might be had without expense.

A law may be valid in part, although invalid
in other parts if such parts may be separated.

The Court, therefore, holds the resolution so
far as it authorizes investigation, to be valid
notwithstanding the objection made.

It is further urged for the petitioner that
section 1545-11 Revised Statutes gives, by its
terms, no power to a committee of the council
to commit for contempt, and, that section 1687
Revised Statutes, is not operative in the city
of Cleveland because repealed by the act of
March 16, 1891, commonly called the federal
plan act.

The repealing clause of the last mentioned
act provides that only such statutes of the state
which conflict with any provisions of the act,
are thereby repealed; and further provides that
the latter act shall be held to supersede such
statutes only as to matters of inconsistency.
The language of this repealing section 85
gives character to the whole act. From it
we gather that the intention of the leg-
islature was to pass an act for the govern-
ment of cities of the grade and class men-
tioned, which should be more efficient as its
title states, without repealing existing laws
applicable thereto, which would not prevent
the operation of the provisions of the new act.

Section 11 does not, in terms, prevent the
operation of section 1687 and, hence, does not
conflict and is not inconsistent with it. If,
by the latter act, a different way of punishing
contumacious witnesses was provided for the
city of Cleveland than existed in other parts
of the state its constitutionality might be
open to grave question. In the case of the
State ex rel. Crawford v. McGregor, 44
Ohio St., 628, in which there was evident con-
flict between earlier and later statutes, the
opinion of the court on page 634, suggests
this last consideration:

"And whereas in this case, the special pro-
visions of one section, operating as an ex-
ception to the general provisions of another,
are uniform in their operation throughout the
state, they are not in conflict, with the consti-
tutional provision requiring all laws of a gen-
eral nature to have such operation."

In Dillon on Municipal Corporations, sec-
tion 88, it is said:

"The presumption is not lightly to be in-
dulged that the legislature has, by implication,
repealed, as respects a particular municipality
or as repects all municipalities, laws of a gen-
eral nature elsewhere enforced throughout the
state. Yet a statute or special act, passed
subsequent to the general law and plainly ir-
reconcilable with it, will, to the extent of the
conflict, operate as a repeal of the latter by
implication:"

The court holds that section 1687 Revised
Statutes, has operation in the city of Cleve-
land notwithstanding the passage of the fed-
eral plan act, so-called.

The case before the court may be briefly
stated as follows:

By resolution of the council of the city of
Cleveland, a committee from its number was
directed to investigate charges, made by var-
ious persons, of corruption in connection with
the awarding of a contract. The language
of the resolution in that regard is, "to inves-
tigate the truth concerning the charge made
by various persons to the effect that corrupt
methods have been resorted to for the pur-
pose of securing contracts from the city of
Cleveland with The Gamewell Fire-Alarm
and Telegraph Company."

The committee, in the discharge of the duty
thus imposed, called, among other witnes-
ses, its presiding officer, D. B. Steuer, the pe-
titioner. Many questions were put to him,
the relevancy of which the court cannot ap-
preciate. The record shows that the follow-
ing question was put: "Were you in the city

clerk's office in said city on the afternoon of the 21st day of August last." The witness refused to answer. He did not state his reasons other than that he refused under advice of his counsel. He stated affirmatively, "I will say that I am eager to answer, but I am in the hands of my attorney and will act under this advice. I have come here to testify and am eager to testify, but I am acting under the advice of my attorney." The question was put to him, "Do you refuse to answer the question because it will tend to criminate you." Thereupon, Mr. Dawley, counsel for witness, said, "You need not answer that. His answer would not criminate him. We rely solely upon the proposition that this committee has no power to subpœna here before the committee, anybody against whom they say charges are pending or likely to be pending, who stands in the light of the defendant, and compel him to give evidence in this matter."

The witness, persisting in his refusal to answer, was committed to jail until he should purge himself of contempt by making answer.

. From these facts, which are undisputed, I gather:

First. That the council, in appointing and authorizing the committee, was in the performance of one of its highest functions, to-wit making investigation to find out whether it needed cleansing from corrupt influences.

· Second. That the witness, not only omitted to invoke any privilege, but decided that he did not need the protection of the privilege.

In Warner v. Lucas, 10 Ohio R., 337, it is held, that the witness is his own judge as to whether an answer will, either directly or indirectly, criminate him.

By the decision of Councilman v. Hitchcock, 142 U. S. 547, either section 1687 Revised Statutes, or section 1545-11 would be held unconstitutional if invoked as the authority for compelling an unwilling witness to give an answer which he deemed to have a tendency to incriminate him, for the reason that such sections do not provide complete immunity for those who are compelled to make disclosures.

This question of unconstitutionality cannot be raised by one who is not a formal party to a case, criminal in is nature, when it appears that, in his own opinion, the answer would not tend to criminate him.

Both sections referred to, are constitutional in so far as they do not invade the right of an individual, guaranteed to him by the 10th section of the Bill of Rights of Ohio.

There is full legislative power to compel answer from witnesses generally, subject to this exception:

"The extent to which the witness is compelled to answer such questions as do not fix upon him a criminal culpability, is within the control of the legislature."

State v. Nowell, 58 N. H. 314. This case is quoted with approval in Brown v. Walker, 161 U. S., 591. In the last case referred to, on page 597, it is said:

"Thus if the witness himself elected to waive his privilege, as he may doubtless do, since the privilege is for his protection, and not for that of other parties. This is supported by many cited authorities.

In Emery's case, 107 Mass., relied upon by counsel for petitioner, in the conclusion of the opinion on page 187, it is said:

'The result is that in appealing to his privilege as an exemption from his obligation to answer the inquiries put to him, the petitioner was in the exercise of his constitutional right; and his refusal on that ground" could not be regarded as contempt.

In the case of United States v. James, 60 Fed. Reporter, 257,in which Judge Grosscup delivers one of the most ably written opinions I have ever read, it is held, "That the 5th amendment to the federal constitution secures a privilege."

The recusant witness in that case avowed his reason for not answering, that the answer would tend to criminate him.

The general law is that all witnesses must answer all questions authoritatively asked, which are pertinent to the objects of an examination.

The common law rule, made more permanent by the 5th amendment to the constitution and section 10 of the Bill of Rights of Ohio and other provisions of similar character in the organic law of the several states, furnishes an exception to this general rule. The exception is in the nature of an exemption to the witness under certain circumstances. It is for his own benefit only, and relieves him from doing what otherwise would be his duty to do.

All of the authorities appear to treat the right of the witness as a privilege to be used or waived by him as he may choose.

When the witness himself declares that he is eager to testify, there is no duty resting upon any tribunal to prevent him from so doing. Authority for this view may be found in State v. Allen, 107 N. C. 805; Crause v. Sentinel Co., 62 Wis. 660; San Antonio Ry. Co. v. Muth, 7 Tex. Civ. App. 443; Lothrop v. Roberts, 16 Calif. 250.

The court holds that the legislature of Ohio has constitutional power to vest the city council or a committee thereof, with authority to commit a witness who may refuse to answer pertinent questions put in the course of an investigation which is confined within the proper limits of its lawful functions.

So far as the investigation referred to in this opinion is confined to finding out whether or not corrupt methods have been used or attempted to be used in the procuring of the Gamewell contract, so-called, it is legitimate.

I feel bound to express to counsel in this cause my high appreciation of the most able manner in which they have assisted the court by argument and citation.

The writ is denied, and the petitioner is remanded.

Dawley, Foran, Collister & Heisley, for Petitioner.

Hogsett, Beacon, Excell & Gage and Judge Blandin, for Defendant.