June Term,
1861.

GRUBB
v.
THE STATE.

---

### GRUBB VS. THE STATE.

An objection to the qualifications of the grand jurors by whom an indictment was found, cannot be made by motion in arrest of judgment.

Where two members of a grand jury by which an indictment was found, were naturalized before the jury were impannelled and sworn, *quœre* whether the

objection that they were not citizens of the United States when *summoned* to serve upon such jury, would have been good if seasonably taken by plea in abatement, or in some other proper manner.

The second count in the indictment in' this case, for arson, *held* to be good.

June Term,
. 1861.

GRUBB
v.
THE STATE.

ERROR to the Circuit Court for *Grant* county.

Indictment for arson. The second count, after the formal part, was as follows: "That the said *Newton Jasper Grubb*, late of the said county of Grant, heretofore, to-wit, on the twelfth day of February, in the year of our Lord one thousand eight hundred and sixty-one, in the county of Grant aforesaid, a certain barn of one Jared Bishop, there situate, feloniously, willfully and maliciously did set fire to, and the said barn then and there by said firing as aforesaid, feloniously, wilfully and maliciously did burn, against the form of the statute in such case made and provided, and against the peace and dignity of the state of Wisconsin."

*Dunn, Merrick, Mills & McKee*, for the plaintiff in error.

*James H. Howe*, Attorney General, for the state.

*By the Court*, COLE, J. The plaintiff in error was indicted at the March term of the circuit court for Grant county for the crime of arson, tried and convicted. After verdict he moved for a new trial, upon the ground that the verdict was contrary to law and the evidence given on the trial. This motion being denied, he moved in arrest of judgment, for the reason, 1st, that the indictment was not found by a grand jury of good and lawful men; and 2d, that the count in the indictment under which he had been found guilty, was insufficient in law.

December 11.

The objection taken to the grand jury was, that two of the persons selected by the board of supervisors from the poll list and returned to the clerk, and who were summoned to serve on the grand jury, did not, when thus selected and summoned, possess the qualifications required by statute, not being at the time citizens of the United States. Sec. 1, chap. 118, R. S. The record shows that these two persons, on the second day of the term, and before the grand jury was impanneled, sworn and charged, were, upon the production of their certificates of intention to become citizens, in open court, duly naturalized.

It is very doubtful about this objection to the two grand jurors being held a good and valid one, even if it had been seasonably taken, by a plea in abatement to the indictment, or in some other proper manner; but we know of no authority which permits such an exception to the personal qualifications of the grand jury to be raised on motion in arrest of judgment. In the case of *Byrne et al. vs. The State*, 12 Wis., 519, it was distinctly held that the objection of disqualification on the part of any of the grand jury which found the indictment, was not available on motion in arrest of judgment, and upon this point we know of no conflict of authority. So, conceding that the two jurors, though naturalized before the grand jury was impannelled and sworn, were not competent to serve on the jury, still the objection comes too late on motion in arrest of judgment.

Although one ground relied on in the motion in arrest, was, that the second count of the indictment, under which the plaintiff was convicted, was bad, that objection was not relied on in this court. We have examined that count in the indictment, and cannot see why it does not charge the offense in apt and proper words. We deem it sufficient.

The judgment of the circuit court must be affirmed.