Pearson, C. J.
 

 The record and case sent up by the Judge is in such a shape that this court can take no action on it, except to award a
 
 venire de novo.
 

 We
 
 can see no ground for an arrest of judgment. That must be for some fatal defect apparent
 
 on the face of the record proper,
 
 as distinguished from what is set out in the
 
 Postea,
 
 or case made up by the Judge.
 

 “A verdict of guilty was rendered, subject to the opinion of the court.” This, we suppose, was intended to present the question on the plea of “ former conviction,” and yet the Judge has given no opinion upon either of those questions; so we have nothing to act on, and the case must be sent back for another trial.
 

 It seems the defendant pleaded “ not guilty,” and also pleaded “ former conviction,” which latter is a plea confessing and avoiding, and is manifestly inconsistent with the former plea. As the Statute of Ann, allowing more than one plea, does not apply to
 
 indictments,
 
 the defendant must put himself upon only one of the pleas, or the court should treat the latter plea as a waiver of the former, as was the case at common law in respect to a plea “ since the last continuance ” in civil suits.
 

 Per Curiam.
 
 Venire de novo.