## STATE *v.* BENJAMIN DOUGLASS.

Objection to the manner of summoning the grand jury, can only be taken before trial; and such objection to the petit jury or special venire, by challenging the array.

Judgments can be *arrested* only for some matter which appears, or for the omission of some matter which ought to appear, upon *the record.*

(*State* v. *Martin,* 2 Ire. 101, *State* v. *Davis,* 2 Ire. 153, *State* v. *Underwood,* 6 Ire. 96, *State* v. *Barfield,* 8 Ire. 344, *State* v. *Ward,* 2 Hawks 443, *State* v. *Patrick,* 3 Jon. 443, *State* v. *Roberts,* 2 Dev. & Bat. 540; cited and approved.)

MURDER, tried before *Buxton, J.,* at Spring Term 1869, of the Superior Court of MOORE.

The jury having returned a verdict of guilty, there was a rule upon the State to show cause why a new trial should not be granted for the following reason, viz:

That K. H. Worthy, who as Sheriff of Moore county summoned the regular jury, grand and petit, for the term as well as the special venire in the case, was not the lawful Sheriff of the county of Moore, being disqualified under the XIV Amendment of the Constitution of the United States. (See *Worthy* v. *Barrett, ante* 199.)

Rule discharged; Motion in arrest of judgement for the same grounds as those taken for a new trial; Motion overruled; Judgment and Appeal.

*Attorney General,* for the State.

No counsel *contra.*

SETTLE, J. We have examined this case with the care which its importance demands, and have considered not only the points made upon the trial below, but have looked to the record to see if anything more could be suggested *in favorem vitæ.* We have found no error in the record.

Let us consider the points relied upon by the prisoner.

After a verdict of guilty, the prisoner obtained a rule upon the State to show cause why a new trial should not be granted, for the reason that K. H. Worthy, the person who, as Sheriff of Moore county, summoned the regular jury, grand and petit, for said term of the Court, as well as the special *venire* in this case, was not the lawful Sheriff of the county of Moore.

The facts in regard to the office of Sheriff are fully set forth in the statement of the case made by his Honor, the presiding Judge. But we are relieved from their consideration and from all inquiries as to the validity of the acts of the Sheriff in regard to the grand jury which found the bill, and the petit jury which tried this case. Whether he was Sheriff *de facto*, or *de jure*, it is immaterial to inquire; for the objection, if it ever had any force, comes too late. Objection to the grand jury can only be taken before plea in chief, or at all events before trial. *State* v. *Martin*, 2 Ire. 101, *State* v. *Davis*, 2 Ire. 153, *State* v. *Underwood*, 6 Ire. 96, *State* v. *Barfield*, 8 Ire. 344.

If the prisoner had wished to take advantage of this objection to the petit jury and special venire, he should have done so by challenging the array. After he had waived his right of challenge, and had taken his chances of an acquittal before the jury, he could not go back and " take a double chance," by impeaching the very jury upon whom he had put himself for a safe deliverance. *State* v. *Ward*, 2 Hawks 443, *State* v. *Patrick*, 3 Jon. 443.

The different defences in criminal pleadings, as in civil, must be brought forward " in apt time, due form and proper order."

A Judge it is true has discretion to set aside a verdict, and grant a new trial, at the instance of the prisoner in all cases

where justice may require it; but the exercise of that discretion cannot be reviewed. The rule was discharged, and the prisoner thereupon moved to arrest the judgment for the same reason set forth as ground for a new trial. This motion was also overruled. Judgment can only be arrested for some matter appearing, or the omission of some matter which ought to appear, upon the face of record. This matter was not brought forward until after trial and conviction, and formed no part of the record in a legal sense. Indeed, as said in reference to the rule for a new trial, this objection if it ever had any force, will avail nothing by motion in arrest of judgment. *State* v. *Roberts*, 2 Dev. & Bat. 540. Whart. Crim. Law, § 3043. The judgment of the Superior Court is affirmed. Let this be certified &c.

PER CURIAM.                              No error.