THE STATE v. JOHN E. McLAIN.

*Escape— Officer— Evidence—Indictment—Judge's Charge.*

1. The statute (*The Code,* § 1022) providing for the punishment of officers permitting escapes, contemplates two kinds of escape: One the result of *negligence,* the other the *willful* act of the officer in promoting the escape.

2. It is not necessary, in an indictment for a negligent escape, to charge that it was willfully or unlawfully done—it is sufficient if the act is alleged to have been "negligently" done.

STATE *v.* McLAIN.

3. Where a bill had been sent to the grand jury against three persons, but was found true as to only two, upon which a *capias* was issued, and one of the parties indicted was arrested and permitted to escape: *Held*, no variance that the indictment for escape described the process as issuing upon an indictment against the two persons as to whom it was returned a true bill, instead of the three against whom it was drawn and sent.

4. Where there is no conflict of evidence, or variant aspects of the case, it is not error to charge the jury that, if they believe the testimony, the defendant is guilty.

This is an INDICTMENT, tried at Fall Term, 1889, of JACKSON Superior Court, *Clark, J.*, presiding.

The indictment charged that the defendant, while Sheriff of the county of Jackson, duly had in his custody, by virtue of proper process, a person named therein, charged with a misdemeanor, and that while such person was so in his custody, he " was unlawfully and negligently permitted to escape and go at large, whithersoever he would," &c., &c.

Upon a verdict of guilty, the defendant moved in arrest of judgment, upon the grounds: 1. Because the bill of indictment did not charge that the escape was " willful and negligent," but merely "negligent and unlawful." 2. Because the bill of indictment charged that the *capias* against J. C. Hooper had been issued upon an indictment against J. C. Hooper and Hill Hooper, whereas, the Solicitor, according to the evidence, had drawn and sent a bill against J. C. Hooper, Hill Hooper, and W. M. Hooper, upon which the grand jury had returned the bill into Court endorsed, 'A true bill as to J. C. Hooper and Hill Hooper, and not a true bill as to W. M. Hooper."

The motion was denied, and the defendant excepted.

It was assigned as error that the Court instructed the jury that " they should find the defendant guilty," if they believed the evidence. There was judgment against the defendant, from which he appealed.

*The Attorney General,* for the State.

No counsel for the defendant.

MERRIMON, C. J.—after stating the case: The statute (*The Code*, § 1022) prescribes that "when any person charged with a crime or misdemeanor, or sentenced by the Court upon conviction of any offence, shall be legally committed to any Sheriff, Constable, or Jailer, or shall be arrested by any Sheriff, Deputy Sheriff, or Coroner acting as Sheriff, by virtue of any *capias* issuing on a bill of indictment, information, or other criminal proceeding, and such Sheriff, Deputy Sheriff, Coroner, Constable, Jailer, *willfully* or *negligently*, shall suffer such person so charged, or sentenced, and committed to escape out of his custody, the Sheriff, Deputy Sheriff, Coroner, Constable, or Jailer so offending, being thereof convicted, shall be removed from office and fined, at the discretion of the Court before whom the trial may be had," &c. Plainly, the statute prescribes, and intends to prescribe, two distinct kinds of escape: one that is *willfully* suffered or permitted by the officers designated; the other when it is *negligently* suffered or permitted by them. The mischief to be suppressed is not single, but two-fold in its nature—of two distinct kinds—and hence, the disjunctive " or" is used between the descriptive words, " willfully " and "negligently." And escape might be wilfully—on purpose— suffered; it might be negligently—carelessly—suffered. The latter is different and distinct from the former. In either case the escape is mischievous, and the purpose is to suppress both. It would be seldom that an escape would be both willfully *and* negligently suffered, and a statute intended to suppress this evil only, would leave the greater and more frequent public grievance to flourish unmolested by the hand of justice. There is not the slightest reason for attributing to the disjunctive "or" the meaning of the conjunctive "and." The indictment, therefore, properly charges that the escape was negligently suffered, omitting the word willfully. The word "unlawfully" used, while unnecessary,

was no more than mere surplusage. *State* v. *Baldwin,* 80 N. C., 390; *State* v. *Hunter,* 94 N. C., 829.

The second ground of arrest of judgment assigned is without force in any aspect of it. The indictment, strictly speaking, was against only the two persons as to whom it was found "a true bill." As to the third party, there was no indictment. Strictly, the indictment was but a simple bill until the grand jury presented it a true bill. Then, and not till then, it became, properly, an indictment. *State* v. *Ivey,* 100 N. C., 539. Moreover, if there had been a substantial variance between the charge and the proof, this could not be taken advantage of by a motion in arrest of judgment. This motion must be based upon some matter appearing on the face of the record.

The objection that the Court instructed the jury that they should find the defendant guilty if they believed the evidence cannot be sustained, because it was not conflicting. There were no variant aspects of it to be submitted. It was true the defendant was guilty in law; otherwise, he was not. The Court did not tell the jury that they ought or ought not to believe it. It expressed no—not the slightest—opinion as to whether the evidence should be believed or not. *State* v. *Vines,* 93 N. C., 493, and the cases there cited.

Affirmed.