COMMONWEALTH *vs.* JOHN F. BROWN.

Nantucket. October 22, 1889. — December 31, 1889.

Present: DEVENS, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Constitutional Law — Offence against Town and County of Nantucket — Grand and Traverse Jurors — Motion in Arrest of Judgment — Plea of " Exception to Jurisdiction."*

Upon a motion in arrest of judgment, in a criminal case, nothing is open to the defendant except matters appearing of record at the time the motion is filed.

After a verdict of guilty on an indictment, the defendant filed in the Superior Court a plea of " exception to the jurisdiction," alleging that certain forgings and utterings, recited in the indictment, were made with intent to defraud the town or county of Nantucket, which are territorially the same, and setting forth for the first time, that, before the complaint was made against him, the town passed a vote declaring him guilty, and directing the selectmen as its agents to prosecute him criminally; that the selectmen made a complaint to a resident trial justice who had advocated the passage of and joined in the above vote; that after the defendant was bound over for trial the selectmen, in pursuance of the vote, employed counsel and prepared evidence for the grand jury; that while so engaged the selectmen made out a preliminary list of qualified jurors exceeding in number the legal limit; that thereafter, at a town meeting composed exclusively of the selectmen and one other person, the town made up from such preliminary list the final list, from which the grand jurors and trial jurors who afterwards made the presentment and tried the defendant were taken; and that all but five of such grand jurors were present at the town meeting at which the vote declaring the defendant guilty and directing his prosecution was passed, and joined in the vote. *Held,* that this plea was a motion in arrest of judgment under another name, and that the above facts could not be brought before the court by it; and that such facts did not, by force of the State or Federal Constitution, affect the jurisdiction of the Superior Court to receive and try the indictment, and did not invalidate the presentment or the verdict.

INDICTMENT, returned at July term, 1888, of the Superior Court for the county of Nantucket, in twenty-two counts, for forging and uttering certain writings, each of which was described as a "discharge for money," and purported to be a bill

rendered to the town or county of Nantucket by various persons or firms, for personal services, for rent of post-office box, and for articles furnished to the town or county, and to have been duly receipted upon payment thereof.

After the former decision, reported 147 Mass. 585, the case was heard by *Hammond*, J., and the defendant alleged the following bill of exceptions:

" The defendant, after his exceptions heretofore taken had been overruled, filed a plea of exception to the jurisdiction of the court, a copy of which is hereto annexed and made a part hereof. The plea came to be heard on the first Tuesday in July, A. D. 1889. At the hearing, it was admitted by the government that the allegations of the plea were true, except the allegation of an intention of the complainants, mentioned in the plea, that the defendant should be held in a sum sufficient to cover charges other than those expressed in their complaint. No evidence was offered by the defendant as to such intention. The court overruled the plea, and the defendant excepted, and he now prays that his exceptions may be allowed."

The following indorsement appeared upon the bill of exceptions, signed by the judge: " Exceptions examined and allowed."

Upon the page following the above bill of exceptions, as printed by the clerk of the Superior Court and transmitted to this court, was printed the following, signed by the attorney for the defendant, being the " statement " referred to in the opinion:

" The defendant, after his exceptions heretofore taken had been overruled, filed a motion in arrest of judgment, a copy of which is hereto annexed and made a part hereof. The motion came to be heard before the court on the first Tuesday in July, A. D. 1889. At the hearing, it was admitted by the government that the allegations of the motion were true, except the allegation of an intention of the complainants, mentioned in the motion, that the defendant should be held in a sum sufficient to cover charges other than those expressed in their complaint. No evidence was offered by the defendant as to such intention."

The judge overruled the motion; and the defendant appealed to this court.

The copies of the plea and the motion referred to and annexed, which were printed upon the pages succeeding the above, after reciting that it appeared of record in the case that the forgings and utterings in question were committed, if at all, by making or raising vouchers to be presented, and actually presented, to the county and town treasurer of Nantucket for the alleged purpose of defrauding the town or the county, in addition to matters set out in the former report of the case, averred " that at a meeting of the inhabitants of the town of Nantucket, held on April 14, 1888, duly called and warned, and having an appropriate article in the warrant, the selectmen, who were also *ex officio* the county commissioners of the county of Nantucket, were by vote instructed as follows: Voted, That the selectmen be and are hereby instructed (and made special agents of the town for the purpose) to bring in the name of the town, or otherwise, a criminal action against John F. Brown [meaning this defendant] for embezzlement of county or town funds, or both, or for such other criminal acts as he has committed against said town or county during the time he has been clerk of courts for the county of Nantucket or town clerk for the town of Nantucket, hereby granting to the aforesaid special agents of the town plenary powers in all matters connected with the aforesaid"; that the defendant for a long time prior to the passage of this vote had been clerk of the town, and clerk of courts for the county; that, at the town meeting at which the above vote was passed, a committee previously duly appointed by the town for the purpose had presented a report, charging the defendant with the forgings and utterings in question, or some of them; that the criminal acts of the defendant referred to in the above vote were intended to include a charge of unlawfully procuring from the town or the county, or from both, sums of money by means of the forgings and utterings in question, or some of them; that, pursuant to the vote, the selectmen, who were seven in number, employed counsel to aid them in instituting and furthering criminal proceedings; that on April 20, 1888, five of the selectmen, describing themselves as " special agents of the town of Nantucket duly authorized at a special town meeting held April 14, 1888, to bring in the name of the town a criminal action against John F. Brown for embezzlement of county or

town funds, or both," subscribed and made oath, before a trial justice for the county of Nantucket, to a complaint against the defendant for embezzling moneys of the town received by him as town clerk; that the other two selectmen concurred in the complaint, and promoted the prosecution of it; that the trial justice to whom the complaint was presented was an inhabitant and voter of the town, and at the town meeting when the above vote was passed had voted for and by speech had publicly advocated the adoption of the vote, and, in speaking of the subject matter of the vote during the discussion upon it, declared publicly that the defendant was guilty of the charge subsequently set forth in the complaint, and of numerous other charges subsequently embodied in the indictment; that these facts as to the trial justice were well known to all the selectmen; that before the complaint was made the selectmen advised with the trial justice as to the prosecution; that the trial justice ordered the defendant to recognize for his appearance before the Superior Court at its July sitting in 1888; that the complainants intended that the defendant should be held in a sum sufficient to cover charges other than those recited in the complaint; that afterwards the selectmen with their counsel prepared evidence and sought out witnesses against the defendant before the grand jury who should act upon the charges contained in the complaint, and subsequently embodied with others in the indictment; and that after making the complaint the selectmen, while furthering the prosecution of the defendant, proceeded as required by law to prepare a list purporting to be a list of persons qualified to serve as jurors, from which were to be drawn, and from which actually were drawn, the grand jurors before whom they were to present, and subsequently did present, their accusations against the defendant, as well as the trial jurors who were to try any indictment against him, if found, and who did sit at the trial of the defendant; and that thereby the said prosecutors made up tribunals to inquire into and to try the matter of their own prosecution.

The plea and motion further alleged, that the selectmen, in preparing a list of persons qualified to serve as jurors, made up a list of ninety-two persons, although the last census of the town, which showed the number of inhabitants to be three thousand

one hundred and forty-two, according to the law called for a list of not less than thirty-one and of not more than fifty-three persons; that at the meeting of the inhabitants of the town at which were drawn from such list the grand and trial jurors for the July sitting of the Superior Court, no inhabitants of the town were present and took part except the above named complainants and their two fellow selectmen, and the constable who had served the warrant for the meeting; that such complainants and their two fellow selectmen at that time drew and chose the grand jurors and trial jurors who subsequently made the presentment and sat upon the trial of it; that the grand jurors who made presentment against the defendant were twenty-three in number; and that all but five of such grand jurors were present at the town meeting at which the above named vote was passed, and joined in its passage.

The plea and motion concluded by alleging that the grand jury by whom the presentment was made were utterly disqualified to return the indictment; that the traverse jurors who tried the defendant and returned the verdict against him had no jurisdiction or authority to try the indictment; that all the acts and doings above set forth were in conflict with the twelfth article of the Declaration of Rights of this Commonwealth, and with the Fourteenth Amendment of the Constitution of the United States; and that the conviction of the defendant and all the proceedings had against him upon the indictment were null and void.

*H. W. Chaplin,* for the defendant. 1. The twelfth article of the Declaration of Rights, and the Fourteenth Amendment to the Constitution of the United States, securing to all " the equal protection of the laws," guarantee a hearing and a trial by an impartial tribunal. The inhabitants of the town and the county of Nantucket were disqualified thereby from acting in the prosecution, being members of the corporations intended to be defrauded by the alleged crime. The statute of this Commonwealth, in denying Nantucket the impartiality of jurors secured in the other counties, denies there " the equal protection of the laws." The record raises, on the facts before the court at the previous hearing, a question of the operation of the Fourteenth Amendment. *Hayes* v. *Missouri,* 120 U. S. 68. *Spies* v. *Illinois,* 123 U. S. 131.

2. The questions of fact now before the court for the first time also raise a question as to the State Constitution and the Fourteenth Amendment. *Hayes* v. *Missouri,* 120 U. S. 68. *Spies* v. *Illinois,* 123 U. S. 131. The selectmen were disqualified to prepare the list of qualified jurors. *McGregor* v. *Crane,* 98 Mass. 530. That list would inevitably have a strong influence upon the ultimate jury list. The making of it, moreover, was a jurisdictional preliminary to the making by the town of a final jury list. See *Boston* v. *Baldwin,* 139 Mass. 315. The inhabitants of the town were disqualified for making up a jury list; for prosecutors are absolutely incompetent to select the tribunal, or the list from which the tribunal is to be selected. See *Hall* v. *Thayer,* 105 Mass. 219, 222; *Commonwealth* v. *Dorsey,* 103 Mass. 412, 418. Eighteen of the grand jurors were disqualified by their share in the vote of prosecution. They were committed to prosecute. See *Commonwealth* v. *Hussey,* 13 Mass. 221. The grand jurors and the traverse jurors were disqualified by the vote to prosecute, and by other action of the town. They were not tribunals of justice, but were part and parcel of the prosecution. See *Commonwealth* v. *Moore,* 143 Mass. 136. The fact that the selectmen's preliminary jury list embraced ninety-two names invalidated this list. It presented a different question to the revising town meeting from what could legally be presented. This list the town had no right to consider, and the consequent proceedings were void. If our statutes undertake to allow a conviction under such circumstances, they are in violation of the twelfth article of the Declaration of Rights and of the Fourteenth Amendment to the Constitution of the United States. See *Cancemi* v. *People,* 18 N. Y. 128.

3. The new facts are properly raised by the plea of exception to the jurisdiction. They are jurisdictional. *Richardson* v. *Welcome,* 6 Cush. 331. *McGregor* v. *Crane,* 98 Mass. 530. They raise a question of competency to act. By the local practice in Massachusetts, questions of fact going to the jurisdiction may also be raised by a motion in arrest of judgment. *Commonwealth* v. *Parker,* 2 Pick. 550. *Commonwealth* v. *Galligan,* 113 Mass. 203. Such an exceptional local practice would not be unprecedented. *Eliot* v. *McCormick,* 141 Mass. 194. The Pub. Sts. c. 170, § 39, do not cover questions of absolute incapacity

to present or try. Section 40 of chapter 170 only covers in its language the "drawing" of the jurors, and the steps subsequent to that, and it relates only to matters of form. If any provision of the law of this Commonwealth stands in the defendant's way, it conflicts with the Declaration of Rights and the Fourteenth Amendment to the Constitution of the United States, as unduly clogging remedies. *Callan* v. *Wilson*, 127 U. S. 540. 1 Bish. Crim. Proc. (3d ed.) § 115. Even if the new facts do not, within the strictest meaning of the word, go to jurisdiction, they involve such a gross impropriety and such an abuse of the forms of justice as nullify the whole proceedings. They are, therefore, quasi jurisdictional, and may be raised like jurisdictional facts. See *Edson* v. *Edson*, 108 Mass. 590 ; *Oakley* v. *Aspinwall*, 3 N. Y. 547, affirmed in *Chambers* v. *Clearwater*, 1 Abb. App. (N. Y.) 341.

4. There has been no common law waiver of the defendant's rights. It does not appear that the defendant knew of the vote and of the action of the town and of the selectmen ; and the case therefore stands like *Commonwealth* v. *Hussey*, 13 Mass. 221. Knowledge will not be presumed against a defendant, and knowledge is essential to waiver. The defendant has never conceded the competency of these grand and traverse jurors, but has continually protested against their right to sit. The new facts are merely in support of a contention which the defendant has constantly insisted upon. See *Commonwealth* v. *Andrews*, 3 Mass. 126. Under the State and Federal Constitutions, these objections to the impartiality and the purity of the jury could not be waived. *Hopt* v. *Utah*, 110 U. S. 574. *Cancemi* v. *People*, 18 N. Y. 128. *Callan* v. *Wilson*, 127 U. S. 540. *Hill* v. *People*, 16 Mich. 351. *Williams* v. *Ohio*, 12 Ohio St. 622. Where a waiver has been, not merely of a statutory privilege, as in *Hopt* v. *Utah*, 110 U. S. 574, but of a material and important feature of the jury trial itself, a State law cannot sanction such a waiver. It would be in diminution of the right, secured by the Fourteenth Amendment, of a trial by "due process of law."

*H. C. Bliss*, First Assistant Attorney General, for the Commonwealth.

KNOWLTON, J. This case was before the court upon a bill of exceptions at a former sitting, and was reported in 147 Mass. 585. We have no desire to consider further the questions then

raised, nor to modify the conclusion then reached. It comes be-
fore us now upon a motion in arrest of judgment, and the effort
is, not merely to obtain a revision of the decision upon the ques-
tions of law arising on the whole record, but to introduce evi-
dence of extraneous facts alleged to have occurred before the
trial, and thereupon to raise new questions of law.

It is an established rule of practice that a motion in arrest
of judgment can be sustained only for errors apparent on the
record. *Prescott* v. *Tufts*, 7 Mass. 209. *Brown* v. *Webber*, 6
Cush. 560. *Commonwealth* v. *Edwards*, 12 Cush. 187. *Belknap*
v. *Gibbens*, 13 Met. 471, 475. *Sawyer* v. *Boston*, 144 Mass. 470.
*State* v. *Bangor*, 38 Maine, 592. *State* v. *Carver*, 49 Maine, 588.
*Commonwealth* v. *Wutts*, 4 Leigh, 672. *Case* v. *State*, 5 Ind. 1.
*State* v. *Douglass*, 63 N. C. 500. *State* v. *Heyward*, 2 Nott &
M'Cord, 312. *Howard* v. *State*, 13 Sm. & Marsh. 261. *Grubb*
v. *State*, 14 Wis. 434. On this motion, therefore, nothing is
open to the defendant except matters which appeared upon the
record at the time the motion was filed. We find among the
papers a statement, signed by the defendant's counsel, setting
forth that at the hearing all but one of the allegations of the
motion were admitted by the Commonwealth to be true; but of
this we can take no notice. It would have been irregular for the
court to consider the allegations of facts not of record contained
in the motion, and there is nothing properly verified to show that
any admission was before the court at the hearing.

Moreover, it is provided by the Pub. Sts. c. 214, § 27, that
"no motion in arrest of judgment shall be allowed for a cause
existing before verdict unless the same affects the jurisdiction
of the court." It can hardly be contended that the Superior
Court sitting in Nantucket County had no jurisdiction to try
the defendant, when he was before it, for committing the crimes
named in the indictment. Some of the allegations of fact con-
tained in the motion, if seasonably brought to the attention of
the court, would have had an important bearing upon the course
of the proceedings. But they did not affect the jurisdiction of
the court to try and punish the defendant for the offences with
which he was charged.

The defendant also sought to raise in another form the ques-
tions presented by his motion in arrest, and filed what he called

an exception to the jurisdiction. This is nothing but a motion in arrest of judgment under another name. The allegations contained in it, and the action sought to be obtained from the court, are precisely the same as in the motion. At the hearing upon it, the Commonwealth admitted the truth of all but one of the facts alleged, and the judge denied the motion, and allowed the defendant a bill of exceptions to his ruling. The ruling was correct. All that we have said in regard to the motion in arrest of judgment is applicable to this plea or motion. By giving a motion in arrest of judgment a different name, a defendant cannot prevent the application to it of pertinent principles of law.

All the matters of which the defendant complains were of a kind which should have been brought to the attention of the court at or before the trial. It seems probable that they were known to him before the trial. If not, they were of a kind about which, if he deemed them important, it was his duty to inform himself before trial. It is not improbable that some of the jurors had formed opinions as to the defendant's guilt, or were otherwise exceptionable. But if he feared that injustice would be done him by a wrong determination of the facts by a partial jury, he should have shown reasonable diligence to prevent that result. We have no doubt that the Superior Court, if the matter had properly been brought to its attention, would have secured him an impartial tribunal to pass upon the question of his guilt or innocence. Even after verdict, if an application had been promptly made, the presiding justice would doubtless have given him relief, if convinced that he was injured by a wrong decision upon the evidence. It is an important principle of our jurisprudence, that in all controversies, whether involving life, liberty, or property, every one should have an opportunity of being fairly heard by an impartial judge or jury; and it is also important that every one should be held to make known to the court, and present at the proper time, whatever is essential to a just decision of his case, and that, when once an opportunity so to do has been given him, he should be bound by the result of the trial, that there may be an end of litigation.

It is argued for the defendant, that the proceedings were in violation of the twelfth article of the Declaration of Rights in

the Constitution of this Commonwealth, and also of the provisions of the Fourteenth Amendment to the Constitution of the United States. It is difficult to see how any question deserving serious consideration arises under the Constitution, either of this State or of the United States. In view of the authorities cited in the former opinion in this case, it can hardly be argued that a legislature has no constitutional authority to provide that mere inhabitancy in a town or county shall not disqualify one from sitting as a juror to try a prisoner for unlawfully obtaining money from the treasury of the town or county. It has not been contended before us, that our statute forbidding the allowance of a motion in arrest of judgment for a cause existing before verdict, unless it affects the jurisdiction of the court, is unconstitutional, nor that the rule which confines proceedings upon motions in arrest to matters apparent upon the record is in conflict either with the Federal or State Constitution. We are of opinion that there was no error in the proceedings in the Superior Court.

*Order denying motion affirmed, and exceptions overruled.*