COMMONWEALTH *vs.* SYLVANUS S. DILL & another.

Barnstable.    April 3, 1893. — May 16, 1893.

Present: FIELD, C. J., ALLEN, KNOWLTON, MORTON, & LATHROP, JJ.

*Motion in Arrest of Judgment — Jurisdiction of the Court — Lewd and Lascivious Cohabitation — Allegations of Indictment.*

A motion in arrest of judgment for a cause existing before verdict, cannot be allowed unless the cause affects the jurisdiction of the court; and an indictment states a case within such jurisdiction which charges lewd and lascivious cohabitation, although the word " abide " is used where the statute uses the word " associated."

MOTION in arrest of judgment on the ground that the third count of the indictment charged an offence unknown to the laws of the Commonwealth, and over which the court had no jurisdiction; that the defendants had been convicted of no offence hitherto known to the law; and that the third count was fatally defective in omitting the words of the statute as to association.

The third count alleged " that Sylvanus S. Dill and Lucinda L. Higgins, both of Wellfleet in the county of Barnstable, at Wellfleet in the county of Barnstable on the first day of October in the year eighteen hundred and eighty-six, and on divers other days and times between that day and the day of the finding of this indictment, not being then and on said other days and times there lawfully married to each other, the said Lucinda L. Higgins having then and on said other days and times there a lawful husband alive other than the said Sylvanus S. Dill, did lewdly and lasciviously abide and cohabit each with the other; against the peace of said Commonwealth

and contrary to the form of the statute in such case made and provided."

The case was previously reported in 156 Mass. 226.

The Superior Court overruled the motion, and the defendants excepted and appealed to this court.

*P. H. Hutchinson*, for the defendants.

*C. N. Harris*, Second Assistant Attorney General, for the Commonwealth.

KNOWLTON, J.   This case comes before us on an appeal from an order overruling a motion in arrest of judgment.   Such a motion for a cause existing before verdict cannot be allowed unless the cause affects the jurisdiction of the court.   Pub. Sts. c. 214, § 27.   *Commonwealth* v. *Brown*, 150 Mass. 334.

The only cause alleged in this case is a defect in the indictment.   But it is clear that the indictment states a case which is within the jurisdiction of the court.   It charges lewd and lascivious cohabitation, and although the word "abide" is used where the statute uses the word "associated," it contains all the substantive allegations which make up the offence.   See Pub. Sts. c. 207, § 6.   Without intimating that there is any such formal defect as could have been availed of if the defendants had taken their objection seasonably by a motion to quash, it is enough to say that the cause stated does not affect the jurisdiction of the court.                    *Judgment affirmed.*