STATE v. CHAUNCEY DAVIS.

(Decided March 27, 1900.)

*Arson—Grand Jury—Continued Over Under Act 1899, Chapter 471, Sections 19 and 20—Motion to Quash— Freeholder—Motion in Arrest—Motion for New Trial.*

1. The Act of 1899, chap. 471, establishing the Eastern District Criminal Court, and in secs. 19 and 20 authorizing the carrying over of a grand jury for one term, is not unconstitutional, although an innovation upon our judicial system.

2. A motion to quash a bill of indictment, found at July Term, 1899, by a grand jury organized at May Term preceding, but retained by the Court until July Term following, will not be entertained.

3. A motion in arrest of judgment, on the ground that one of the special venire was not a freeholder is not the proper remedy, as a judgment can only be arrested for matter appearing or for the omission of matter which ought to appear in the record.

4. A motion for a new trial for such cause is matter of discretion with the trial Judge, and its refusal is not reviewable.

INDICTMENT FOR ARSON and conviction in the Eastern District Criminal Court of EDGECOMBE County, heard on appeal before *Bowman, J.,* at the Superior Court at October Term, 1899, upon motions to quash indictment, and in arrest of judgment, which motions were refused, and the judgment of the Criminal Court affirmed.

Prisoner appealed.    The grounds of the motions are stated in the opinion.

*Mr. Attorney-General,* and *Messrs. Gilliam & Gilliam,* for the State.

*Messrs. Paul Jones,* and *J. R. Gaskill,* for defendant, appellant.

MONTGOMERY, J.   This case came up on appeal from the Superior Court of Edgecombe.   The indictment, regular in form and sufficient in substance, and found in the Eastern District Criminal Court, charges the defendant with arson. At the proper time the defendant moved the Court to quash the bill of indictment for the reason that secs. 19 and 20, of chap. 471, of the Laws of 1899, establishing the Eastern Criminal Court, are unconstitutional.   The latter part of sec. 19, referred to, is in these words: "In the event the grand jury at any term have not been discharged by the Court, but retained for service at a subsequent term or terms, then there shall be drawn by the County Commissioners, or sheriff and Commissioners as aforesaid, only eighteen jurors for service as petit jurors at any such subsequent term; provided said grand jury shall not be retained for more than one term subsequent to the term at which they were originally drawn."   In sec. 20, of the act, it is provided that the Judge may arrange his sittings from time to time, and may, during recess of the court, discharge the jury, to be reassembled whenever notified either by personal service or by letter through the mails. The facts concerning the finding of the bill of indictment by the grand jury are, that at May term a grand jury was duly drawn and sworn, and went upon the discharge of their duties; that the Judge presiding, in accordance with the statutes heretofore referred to, retained and continued over the grand jury to a subsequent special term of the court in July, 1899; that at the subsequent term no new grand jury was drawn and sworn, but the grand jury brought over from the May Term, 1899, appeared, entered upon the discharge of their duties, and found the bill of indictment in this case.

This legislation is an innovation upon our judicial system, but we have found no inhibition by the Constitution

STATE *v.* DAVIS.

against it.   The General Assembly had the power to enact the law, and there was no error in the ruling of his Honor in the Superior Court in affirming the trial Judge in the Criminal Court in refusing to quash the indictment.   After the jury had returned their verdict against the defendant, his counsel moved in arrest of judgment for that J. W. Porter, one of the special venire, who had been selected and served as a juror, was not a freeholder.   Upon the affidavits filed in connection with the motion, his Honor found the following facts: "That the juror was passed by the State when the defendant had exhausted his peremptory challenges; that upon being sworn by the defendant said juror was asked the following questions: 'Have you formed and expressed the opinion that the defendant is guilty?'   To which question the juror answered, 'I have not.'   'Are you a freeholder in Edgecombe County?' ' I am.' And thereupon the juror was tendered to the defendant and accepted; that the mother of the said juror was at the time of her death in 189—, the owner in fee simple of a tract of land in Edgecombe County; that prior to her death she intermarried with one John Walston, by whom she had one or more children who survived her; that the mother of said Porter died without a last will and testament, leaving the said juror her heir-at-law; that the said John Walston is tenant by the curtesy of the said land, and has been in the possession of the same since the death of his said wife."   The motion in arrest of judgment was overruled and the ruling was affirmed by his Honor in the Superior Court.   It was not the proper proceeding by the defendant—the motion in arrest of judgment.   It is most familiar learning that such a motion can only be made, or rather a judgment can only be arrested, for some matter appearing, or for the omission of matter which ought to appear in the record.

It was not necessary that the powers given to the Court in

64——126

reference to its control over the grand jury should be set out in the bill of indictment. The proper motion, if it could have been available, would have been for a new trial. But that motion could not have availed the defendant anything even if the juror were not a freeholder, under the facts found by his Honor, which matter it is unnecessary for us to consider. After verdict the motion for a new trial on the ground that a juror was not a freeholder would be too late. That point has been passed upon by this Court. *State v. Davis,* 80 N. C., 412. In that case the Court, in declaring that a challenge *propter defectum* should be made before the juror is sworn, said "there is one point in this connection upon which there are few authorities, but those we have found are in harmony with the principle above stated. * * * It is where the ground of objection to the juror existed at the time of his being sworn, but not discovered, as in our case, until after verdict. In *State v. Crawford,* 3 N. C., 485, a new trial was moved because one of the jurors was not a freeholder, and this not known to the defendant until after the trial. But *Taylor, J.,* refused the motion." The refusal in such a case was matter of discretion with the trial Judge, and is not reviewable here.

No error.