## STATE v. C. L. JENKINS.

### (Filed 10 December, 1913.)

1. **Criminal Law—Landmarks—Indictment—Variance—Evidence.**

    The question of variance between the proof and the indictment should be raised upon the trial, and is not the subject of a motion in arrest of judgment.

2. **Criminal Law—Boundaries—Stakes—Landmarks—Interpretation of Statutes.**

    Stakes placed by the agreement of the parties to mark the boundaries between their lands have evidential value in connection with other evidence in locating the lands, and are landmarks as contemplated by Revisal, sec. 3674, prohibiting their removal.

APPEAL by defendant from *Carter, J.,* at September Term, 1913, of BUNCOMBE.

Indictment under section 3674, Revisal. The defendant appealed from verdict and judgment.

*Attorney-General Bickett and Assistant Attorney-General Calvert for the State.*
*Britt & Toms for defendant.*

BROWN, J. The evidence for the State tended to show that the defendant owned a tract of land adjoining a tract owned by one T. L. Justice, and that, pending a sale of the land by Justice to A. B. Nix or his wife, the defendant and A. B. Nix entered into an agreement to employ a surveyor to survey and establish the dividing line.

Pursuant to this agreement, the line was surveyed and the stake in question was placed, and the agreement, return of the survey, plat, and order of registration are set up in the record.

The purpose of the agreement is shown by the testimony of A. A. Hamlet, the surveyor, who testified that the line was run and the stake placed on 30 September, 1911; that some time between that date and 13 July, 1913, the stake had been moved about 2 feet from where he placed it, and that the effect of the removal of the stake, if the line were changed accordingly, would

be to add approximately an acre to the land of Jenkins, and to lessen that of Nix in the same amount. Other witnesses also testified to the removal of the stake.

On the question as to how the stake was moved and by whom, S. D. Williams testified: "That he knows defendant C. L. Jenkins; has known him all his (witness's) life; saw defendant Jenkins stobbing a stake down at the point described by the witness Hamlet; thinks this was in the year 1911; it was the same time that witness Hamlet made the survey; thinks the time was in November, 1911, when he saw Jenkins setting the stake . . . Saw the stake driven by witness Hamlet; saw defendant gouging it down or gouging it in the ground, and the other hole was a few inches from it."

The prosecuting witness, A. B. Nix, testified on cross-examination: "That there was feeling between him and the defendant Jenkins; that he did not intend for a man to run over him; that they are bitter enemies; he never saw the defendant remove the stake, but it had been removed; that Jenkins had come to his house with a double-barrel shotgun and nailed a notice about 8 feet from one corner of his house, and swore that he would kill the witness if he crossed the path onto his own land; did not see the defendant making the line. Jenkins gave him the lie."

1. The defendant moved in arrest of judgment. The motion was properly denied.

This motion was made on two grounds: "First, that a wooden stake is not such a landmark as is contemplated by the statute; and, second, for alleged variance between the proof and indictment in that the agreement as to the location of the land offered in evidence by the State was entered into between the defendant and A. B. Nix, and not between the defendant and Nannie Nix, the person named in the indictment.

These grounds of motion present questions which should have been raised during the trial by exceptions. A motion in arrest of judgment must be based upon some matter which appears, or for the omission of some matter which ought to appear on the

face of the record. *S. v. Davis,* 126 N. C., 1007; *S. v. McLain,* 104 N. C., 895; *S. v. Douglas,* 63 N. C., 500.

Variance between indictment and proof cannot be taken advantage of by motion in arrest. *S. v. Jarvis,* 129 N. C., 698; *S. v. McLain,* 104 N. C., 895; *S. v. Craige,* 89 N. C., 475.

2. At close of the evidence defendant moved to nonsuit upon the ground that a stake is not a landmark within the meaning of the statute. This motion was properly denied. As the learned Attorney-General well says in his brief: "The statute, section 3674, in denouncing the removal of any landmark, evidently contemplates the preservation of any mark or monument, natural or artificial, which might in any event be of evidential value in determining a question of boundary. Questions of boundary are to be determined by a consideration of natural or permanent objects, by artificial monuments and marks, and by courses and distances, and as to which of these controls depends upon the facts and circumstances in the particular case."

It is true that this Court has held that stakes are not such permanent or natural objects and monuments of boundary as will control course and distance, but they are recognized as between the parties as being evidence of a definite location of land, as also is the planting of a stone. *Allison v. Kenion,* 163 N. C., 582; *Lance v. Rumbough,* 150 N. C., 19; *Higdon v. Rice,* 119 N. C., 623; *Deaver v. Jones,* 119 N. C., 598; *Cox v. Mc-Gowan,* 116 N. C., 131.

An examination of these cases will show that the line actually surveyed and marked was in many instances marked by stakes.

The case of *Barker v. R. R.,* 125 N. C., 596, referred to in the brief filed for the defendant, properly read, really supports the construction of the word "landmark" in the statute as including stakes, if the word landmark is to be understood as including all marks and monuments, artificial as well as natural, the existence of which would be of evidential value in determining a question of boundary.

In that case the plaintiff sued in ejectment for the possession of land on the ground that a deed he had previously given and

164—34

under which the defendant claimed was too indefinite to convey any title, and too vague to be aided by parol evidence.

It appears from the description set out in the opinion that the beginning point was described as a stake without any definite location, the description continuing with courses and distances to stakes, and the Court held that such a description could not be aided by parol, as there was not a single corner fixed by anything more definite than a stake.

It was not held that a stake has no evidential value in connection with other evidence. On the contrary, it was held in the same case that as the land was in fact located and had been surveyed at the time of sale, and as the defendant had been put in actual possession under designated lines and marked corners, the defendant was entitled to hold; in that case the marked corners must have been the stakes referred to in the deed placed at the time of the actual survey, and which would have evidential value in determining the *locus in quo.*

The removal of such artificial evidence of location would seem to be within the protection of the statute as to landmarks.

No error.