### STATE v. J. J. EFIRD.

(Filed 21 November, 1923.)

**1. Criminal Law — Felony — Assault — Misdemeanors — Conviction — Sentence—Indictment.**

Upon an indictment for a felony, including an assault against the person and supporting evidence, the jury may acquit of the felony, and find the defendant guilty of an assault, and upon the return of the verdict of guilty, the defendant may be sentenced to imprisonment for any term allowed by law for a conviction on an indictment of like character. C. S., sec. 4639.

**2. Same—Grand Jury.**

An assault on a female by a man, or by a boy over eighteen years old, is a misdemeanor, and the offense charged in the indictment must be presented or found by the grand jury within two years from the time it was committed. C. S., secs. 4215, 4512.

**3. Criminal Law—Misdemeanors—Statutes—Limitation of Actions— Motions—Arrest of Judgment—Appeal and Error.**

Where there is only evidence that a misdemeanor for which a defendant is being tried is barred by the two-year statute, a motion in arrest of judgment after verdict will not be sustained, it being required that to do so the fact upon which the motion may be sustained appear of record proper, the "case on appeal" not being a part thereof.

**5. Same—Instructions.**

Where there is evidence tending to show that the State has failed of its proof that the misdemeanor charged by the indictment had been committed within the two years, the exception of the defendant may be based upon the refusal of the court to give a proper prayer for instruction upon this evidence, and not by a motion in arrest of judgment after verdict, time not being of the essence of the offense charged.

APPEAL by defendant from *Stack, J.,* at July Term, 1923, of STANLY.

Criminal action. The defendant was indicted for rape. The jury convicted him of an assault on a female, he being over 18 years of age, and he appealed.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*

*J. R. Price and R. L. Smith for defendant.*

ADAMS, J.  When a person is indicted for rape or for any other felony which includes an assault against the person of another, it is lawful for the jury to acquit of the felony and to find a verdict of guilty of an assault if the evidence warrants such finding; and when such verdict is found, the court has power to imprison the defendant for any term allowed by law in case of conviction on an indictment for an assault of like character. C. S., sec. 4639. An assault on a female person by a man or boy over eighteen years old is punishable as a misdemeanor, and all misdemeanors are to be presented or found by the grand jury within two years from the time they are committed and not afterwards. C. S., secs. 4215, 4512.

There was evidence tending to show that the assault of which defendant was convicted was committed more than two years before the prosecution was instituted; and after the verdict was returned, but before judgment was pronounced, the defendant moved the court to arrest the judgment on the ground that the prosecution was barred by the lapse of time. We think his Honor properly denied the motion.

By "arrest of judgment" is meant the refusal of the court to enter a judgment for some cause apparent upon the record, the "case on appeal" not being a part of the record proper. 1 Archbold's Cr. P. and P., 573; 2 Bishop's New Cr. Pro., sec. 1182; Clark's Cr. Pro., 492; *S. v. Potter,* 61 N. C., 338; *S. v. Matthews,* 142 N. C., 621.

In *S. v. Roberts,* 19 N. C., 541, *Chief Justice Ruffin* said: "Judgment can be arrested only for matter appearing in the record, or for some matter which ought to appear and does not appear in the record. If a bill of indictment be found without evidence, or upon illegal evidence, as, upon the testimony of witnesses not sworn in court, the

accused is not without remedy. Upon the establishment of the fact, the bill may be quashed. *S. v. Cain,* 1 Hawks (8 N. C.), 352. Or the matter may be pleaded in abatement. But the judgment cannot be arrested, for it is no part of the record, properly speaking, to set forth the witnesses examined before the grand jury, or the evidence given by them, more than it is to set out the same things in reference to the trial before the petit jury."

This principle has been maintained with uniformity in many subsequent decisions. *S. v. George,* 30 N. C., 324; *S. v. Potter, supra; S. v. Douglass,* 63 N. C., 500; *S. v. Walker,* 87 N. C., 541; *S. v. Lanier,* 90 N. C., 714; *S. v. Sheppard,* 97 N. C., 402; *S. v. Davies,* 126 N. C., 1007; *S. v. Carpenter,* 173 N. C., 769; *S. v. Lemons,* 182 N. C., 828. When proof is required to support it, the objection must be taken by a motion to quash or by a plea in abatement. *S. v. Bordeaux,* 93 N. C., 560.

It will be noted that the defendant's motion in arrest is not based upon any error apparent in the record, but upon the testimony of witness tending to show that the offense was committed more than two years before the prosecution was begun. All our decisions are to the effect that this is not a sufficient cause for arresting the judgment of the court. Time is not of the essence of the offense charged in the indictment or of which the defendant was convicted, and this Court has expressly held in such cases that, while the burden is upon the State to show that a misdemeanor was committed within two years before the beginning of the prosecution, the defendant should take advantage of a failure to make such proof by a request to the court for proper instruction to the jury. *S. v. Francis,* 157 N. C., 612. In the instant case there was no prayer for instructions and no motion to dismiss the action. Indeed, if the defendant relied on the bar of statute there is nothing in the record to show that he brought such defense to the attention of the court by any prescribed method until after the verdict was returned.

What we have said disposes of the defendant's further objection that the court failed to instruct the jury as to the statute of limitations. The exception to the judgment is formal and requires no comment.

We have not discussed the question whether the bar of the statute would be available to the defendant upon the indictment and the evidence which was introduced because, as indicated, this defense is not properly presented, and concerning it, it is not necessary to express an opinion. We find no error which entitles the defendant to a new trial.

No error.