HERBERT N. HINCKLEY *vs.* ARTHUR PERRIN.

Dukes County.　October 26, 1925. — October 27, 1925.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & SANDERSON, JJ.

*Jury and Jurors.　Practice, Civil,* Challenge of jurors.

Jurors are not as a matter of law disqualified from sitting to hear an action of contract in which the treasurer of the county in which they are serving, who is the paymaster of the jury in that county, is the plaintiff in an individual capacity.

Prejudice of jurors as a ground for disqualifying them is a fact which must be shown; it cannot be inferred except from sufficient evidence.

CONTRACT upon an account annexed for labor and materials.　Writ dated July 17, 1923.

In the Superior Court, the action was tried before *Dubuque,* J.　There was a verdict for the plaintiff in the sum of $2,051.66.　The only exception saved by the defendant is described in the opinion.

*G. P. Davis & B. A. Trustman,* for the defendant, submitted a brief.

*G. M. Poland,* for the plaintiff.

BY THE COURT.　The plaintiff in this action of contract was the county treasurer of Dukes County.　Before the jury was empanelled the defendant "presented a motion in the nature of a challenge to the array of the jury setting forth that the plaintiff was the treasurer of the county of Dukes County and was paymaster of the jurors in the county and that because of the plaintiff's official position and his duties as paymaster of the jurors, the jurors were unable to reach an impartial verdict."　The trial judge stated that the defendant might introduce evidence showing disqualification of any particular juror.　No such evidence was offered.

There was no error in overruling this motion.　Prejudice of jurors is a fact which must be shown.　It cannot be inferred except from sufficient evidence.　Every litigant in our courts is entitled to an impartial trial before an unprejudiced tribunal.　*Commonwealth* v. *Brown,* 150 Mass. 334,

342.    *Crocker* v. *Justices of the Superior Court*, 208 Mass. 162, 178, 179, 180.    It cannot be presumed from the single fact that the plaintiff in his official capacity out of public money would pay the jurors the amount due them according to law, that therefore the jurors would not be impartial in the trial of a cause to which he was a party.    Without discussing the law as to a challenge of the array, it is enough to say that it did not lie in the case at bar.

The trial judge made a full statement to the jurors of the requirement that each of them should be impartial and asked any one of them sensible of bias to make it known, otherwise he should assume that they were ready to give a fair and impartial verdict.    No one of the jurors expressed consciousness of bias.    This proceeding was unnecessary. The result would be the same, if it had not occurred.

*Exceptions overruled.*