STATE v. M. S. LEWIS.

(Filed 30 November, 1927.)

**1. Indictment — Defects — Schools — School Terms — Public Schools — Statutes—Criminal Law.**

An indictment under the provisions of C. S., 5758, charging a parent with unlawfully and wilfully failing to cause his children, between the ages of 8 and 14 years, to attend the public schools of the district of his and the children's residence, as required by the statute, is defective in not observing the distinction that the parent, having the custody of his children, may have them attend private schools for the required period, and no conviction may be had under the charge set out in the indictment.

**2. Judgments—Arrest of Judgment—Indictment—Defects in Indictment.**

Where a fatal defect in the charge of an indictment for a criminal offense, appears upon its face, it may be taken advantage of by motion in arrest of judgment.

APPEAL by defendant from *Schenck, J.,* at April Term, 1927, of CABARRUS.

Criminal prosecution tried upon a warrant charging that the defendant "on or about the .... day of February, 1927, did unlawfully and wilfully fail to cause his children, between the ages of 7 and 14 years, to attend public school in Kannapolis, in the district in which said children reside, as required by the statute in such cases made and provided," etc.

From an adverse verdict and judgment pronounced thereon, the defendant appeals, assigning errors.

*Attorney-General Brummitt and  Assistant Attorney-General Nash for the State.*

*H. S. Williams and Z. A. Morris, Jr., for defendant.*

STACY, C. J. The judgment must be arrested on authority of what was said in *S. v. Johnson,* 188 N. C., 591, 125 S. E., 183, for that no crime is charged in the warrant upon which the defendant has been tried and convicted.

It is provided by C. S., 5758, with certain exemptions not now material, that every parent, guardian, or other person in the State having charge or control of a child between the ages of eight and fourteen years "shall cause such child to attend school continuously for a period equal to the time which the public school in the district in which the child resides shall be in session."

It will be observed that the statute does not make the failure to cause the attendance of a child, between the ages mentioned, in the public school a crime, but the offense is defined as the failure on the part of the parent, guardian, or other person having control of such child, to cause said child to attend school continuously for a period equal to the time the public school of the district shall be in session. Indeed, it would be an infringement upon the rights of private schools to require that all children of school age shall attend one of the public schools of the district in which they reside. *Pierce v. Society of Sisters,* 268 U. S., 510.

The defect or omission appearing, as it does, on the face of the record, may be taken advantage of by motion in arrest of judgment. *S. v. Jenkins,* 164 N. C., 527, 80 S. E., 231; *S. v. Baker,* 106 N. C., 758, 11 S. E., 360.

Error.