### STATE v. EVERETT McKNIGHT.

(Filed 14 November, 1928.)

**Criminal Law—Motions in Arrest of Judgment—Nature and Grounds in General.**

> A motion to arrest a judgment in a criminal action will be allowed only where some fatal error or defect appears on the face of the record, and not where the motion is based upon a variance between the indictment and proof, or want of evidence to support the verdict.

APPEAL by defendant from *Stack, J.,* at March Term, 1928, of GUILFORD.

Criminal prosecution tried upon an indictment charging that the defendant "on 7 April, in the year of our Lord one thousand nine hundred and twenty-seven, with force and arms, at and in the county aforesaid, did unlawfully, wilfully, feloniously and forcibly assault Harry Moore with a deadly weapon, to wit, a pistol, on or near a public highway in said county, the said Harry Moore in bodily fear and danger of his life feloniously did put and did unlawfully, wilfully, forcibly and feloniously did steal, take and carry away $40 in good and lawful money the property of the Gulf Refining Company, against the form of the statute in such case made and provided and against the peace and dignity of the State."

Verdict: Guilty of larceny.

After conviction, and before judgment, the defendant lodged a motion in arrest of judgment for that, he alleges, the indictment is not sufficient to support a verdict of larceny. Overruled and exception. This is the defendant's only exception.

Judgment: Imprisonment in the State's prison, at hard labor, for a term of not less than two and not more than three years.

Defendant appeals, assigning error, in that the court failed to arrest the judgment on motion duly made.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*No counsel appearing for defendant.*

STACY, C. J. Judgment in a criminal prosecution may be arrested, on motion duly made, when, and only when, some fatal error or defect appears on the face of the record. *S. v. Lewis,* 194 N. C., 620, 140 S. E., 434; *S. v. Mitchem,* 188 N. C., 608, 125 S. E., 190; *S. v. Efird,* 186 N. C., 482, 119 S. E., 881; *S. v. Jenkins,* 164 N. C., 527, 80 S. E., 231; *S. v. Douglass,* 63 N. C., 500; *S. v. Roberts,* 19 N. C., 541. But this would not include a variance between the indictment and the proof, or want of evidence to support the verdict, for they are not matters appearing on the face of the record proper. *S. v. Jarvis,* 129 N. C., 698, 40 S. E., 220; *S. v. McLain,* 104 N. C., 894, 10 S. E., 518; *McCanless v. Flinchum,* 98 N. C., 358, 4 S. E., 359.

The indictment, in the instant case, includes, or is sufficient in form to charge, the offense of larceny. C. S., 4640. Hence, the motion in arrest of judgment was properly overruled.

Affirmed.