## STATE v. C. H. ROSS.

### (Filed 24 September, 1930.)

**Criminal Law F a—In this case held: defendant was twice tried for same offense, and judgment is arrested on appeal to Supreme Court.**

Where a defendant is bound over to the County Court on two warrants for issuing worthless checks on different dates, and is acquitted as to one and convicted as to the other, and appeals to the Superior Court, and in the trial in the Superior Court the evidence relates to the charge upon which he had been acquitted in the County Court, upon the jury's acceptance of his plea of former acquittal, it is error for the trial court to order another trial, and upon conviction therein the judgment will be arrested on appeal.

APPEAL by defendant from *Barnhill, J.,* at April Term, 1930, of PITT.

Criminal prosecution tried upon a warrant charging the defendant with uttering and delivering to Pitt Chevrolet Company on 16 January, 1929, a $35.00 check in violation of chapter 62, Public Laws, 1927, generally known as the "Bad Check Law."

Two warrants were issued against the defendant by J. I. Smith, justice of the peace, on the same day, one charging him with giving a $35.00 check to the Pitt Chevrolet Company in violation of the statute on 16 January, 1929, and the other with giving a $35.00 check to Pitt Chevrolet Company in violation of the statute on 13 February, 1929. The magistrate found probable cause and bound the defendant over to the County Court of Pitt County on both warrants. In the County Court he was convicted on the first warrant and acquitted on the second, and from his conviction on the first, he appealed to the Superior Court. On the trial in the Superior Court, the evidence related to the check of 13 February, 1929, for the issuance of which the defendant had previously been acquitted in the County Court; whereupon the jury returned a verdict of not guilty, accepting the defendant's plea of former acquittal. The court then ordered another trial, assuming, no doubt, that the first trial was a nullity, as the evidence related to the check covered by the second warrant and not to the one covered by the first. The defendant entered a plea of "former jeopardy, former acquittal, and not guilty."

Verdict: Guilty.

Motion in arrest of judgment overruled; exception.

Judgment: Fine of $50.00 and the costs.

Defendant appeals, assigning errors.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*
*Julius Brown for defendant.*

STACY, C. J. It appears on the face of the record that the defendant has been tried twice in the Superior Court on the same warrant. He was acquitted on the first trial and convicted on the second. The Attorney-General confesses error. The judgment will be arrested. *S. v. McKnight,* 196 N. C., 259, 145 S. E., 281.

Error.