## THE STATE v. W. H. ALLEN.

*Carrying Concealed ·Weapons— Witness.*

1. Unless, in the discretion of the Court, at the close of the State's evidence, the State is restricted to one of the transactions shown by it and tending to prove the offence charged, the Solicitor, on cross-examination of defendant's witnesses, can bring.out any other transaction within the statute of limitations tending to prove the charge. This rule is not varied when the defendant is a witness in his own behalf. *State* v. *Parish,* 104 N. C., 679; *State* v. *Thomas,* 98 N. C., 599, cited and approved.

2. The defendant waives his constitutional privilege not to answer questions tending to criminate when he voluntarily testifies in his own behalf.

3. The offence is deemed and held to have been committed, if at all, in the county charged, unless the defendant pleads in abatement, under oath, and the cause is thereupon removed to another county. *The Code,* § 1194.

This was a CRIMINAL ACTION for carrying a concealed weapon, brought to the Superior Court of PITT County by appeal from a Justice, and tried at June Term, 1890, before *Boykin, J.*

In the warrant the defendant was charged with having committed the offence on the 2d of May, 1890, in Greenville township, Pitt County.

The State introduced evidence tending to prove the commission of the offence at the time and place charged.

The defendant was introduced as a witness in his own behalf. On cross-examination, the Solicitor asked him if he had not, at any time within two years next preceding the date of the warrant, carried concealed about his person a pistol while off his own premises. To this defendant objected. The Court permitted the question, and directed defendant to answer. Whereupon he replied he had, and excepted.

The Court instructed the jury, if they believed the defendant's own testimony, to find him guilty.

Verdict, "guilty," and judgment. Defendant appealed, assigning as error that he was required to answer the question objected to.

· *The Attorney General*, for the State.
*Mr. J. E. Moore*, for defendant.

CLARK, J.—after stating the facts: Time and place in a charge for an offence like this need not be proved as laid. It is sufficient if the time proven was at any time within two years prior to issuing the warrant, and it is enough if the offence is shown to have been committed within the county. Indeed, the offence, if proven, "shall be deemed and taken" as having been committed in the county laid in the charge, unless the defendant, by plea in abatement, under oath, shall allege the transaction took place in another county; whereupon, the case may be removed thither for trial. *The Code*, § 1194.

It was competent for the State to introduce testimony as to various transactions, each one constituting, if the evidence is believed, the offence. At the close of the evidence on both sides, or even at the close of the evidence for the State, the Court, in its discretion, may require the Solicitor to elect upon which transaction the State will ask for a verdict. *State* v. *Parish*, 104 N. C., 679, in which AVERY, J., in a well-considered and careful opinion, reviews the authorities.

When the State is not required, at the close of its evidence, to elect one of the transactions put in evidence by its witnesses, it is competent for the Solicitor, upon cross-examination of defendant's witnesses, to show any other transaction within the statute of limitations which would constitute the offence charged. The rule that the cross-examination is limited to the matters brought on the direct examination

has never prevailed in this country, either in civil or criminal actions, though it is otherwise in England.

The rule that it is competent to bring out such evidence upon cross-examination of defendant's witnesses is not varied by the fact that the defendant uses himself as a witness in his own behalf. He cannot be compelled to testify, and no inference to his detriment can be drawn from his failure to go upon the stand. *The Code*, § 1353. When he voluntarily does so he waives his constitutional privilege of not being required to give evidence tending to criminate himself, and, to impeach him and shake his evidence, can be asked questions as to other and distinct offences, like any other witness. SMITH, C. J., in *State* v. *Thomas*, 98 N. C., 599. With stronger reason, the defendant, like any other witness introduced by him, may be required to give evidence tending to prove the very offence charged in the indictment or warrant. He has no more privilege than any other witness, and in telling "the whole truth" he is called upon to give evidence which may be against the defendant, as well as for him. It is his own fault here that he offered a witness who knew more about his transgressions of law on this charge than he afterwards found it to his interest for the jury to have information of.

*Per Curiam.*                                    No error.