## STATE v. L. W. CARTER.

(Decided March 27, 1900.)

*Embezzlement—Plea in Abatement—Proper Venue—Presumption as to Venue Charged, Code, Section 1194.*

1. A plea in abatement for wrong venue should give a better writ, by naming the proper county.

2. The presumption is in favor of the county charged, under The Code, sec. 1194, but may be rebutted by plea and evidence.

3. In misdemeanors, if the State joins issue, and the plea is found in favor of defendant, he is recognized for trial to the proper county; if found in favor of the State, judgment is rendered as upon a verdict of guilty.

4. In felonies, if the issue is found in favor of the State, the defendant is allowed to enter his plea of not guilty.

INDICTMENT for embezzlement, tried before *Bryan, J.,* on appeal from Criminal Court of ROBESON County, upon plea in abatement for wrong venue. The plea was overruled, and the defendant required to answer over, and he appealed to Supreme Court.

*Messrs. W. F. French,* and *J. B. Schulken,* for appellant.
*Messrs. McLean & McLean, Proctor & McIntrye,* with the *Attorney-General,* for the State.

FURCHES, J. The defendant stands indicted in the county of Robeson for embezzlement. To this indictment he files a plea in abatement in which he alleges that if he is guilty of the crime of which he stands charged, it is in the county of New Hanover and Columbus, and not in Robeson. We pass by what seems to be a defect in the plea in abatement, for want of certainty, as it shows that the venue should be in

New Hanover or Columbus, and not in Robeson. But we treat the plea as sufficient, and proceed to consider the case as if it was in proper form.

At common law, crimes that were entirely local in their character were only indictable in the county where the offense was committed; others were indictable in more than one county if the offense continued to exist in more than one county. For instance, two or more counties might have jurisdiction in cases of larceny where the property was stolen in one county and carried into other counties, for the reason that the crime continued to exist as long as the felonious intent and the asportation continued to exist.

But it was the duty of the State to show that the offense was committed in the county where the indictment was found, or that it had existed in that county, or the defendant would be acquitted. And as many of the boundary lines between counties were not well defined, many guilty defendants escaped punishment upon what seemed to be a technical defense. To prevent this, the Legislature, Code, sec. 1194, provided that the offense should be deemed to have occurred in the county where the indictment was found, unless the defendant should object to the jurisdiction of the Court by plea in abatement, in which he should set forth the county having the jurisdiction. And if the plea was admitted, the case was transferred to that county for trial, or if it was not admitted but found to be true, the case was transferred. But if the plea was not sustained—found not to be true—the defendant was held for trial. If the plea was admitted or found to be true, it rebutted the presumption created by the statute, and the matter stood as at common law, and as it stood before the statute.

The plea in this case was not admitted to be true, and was found by the Court (in fact it seems to have been admit-

ted or found by agreement) "that the conversion and appropriation by the defendant to his own use of the proceeds of the sale of said mules and horses and collection of notes, if collected and appropriated by him at all, were made in the counties of Columbus and New Hanover."

But the Court also found from the defendant's plea and affidavit, in which he set forth the evidence of the State taken before the committing magistrate, that the contract by which the defendant got possession of the mules, horses and notes, as the agent of the prosecutor, took place in Robeson County; that said mules, horses and notes were delivered to the defendant in Robeson County; that defendant was to return said mules, horses and notes to the prosecutor or to account and pay over the proceeds thereof to the prosecutor in Robeson County; and that demand had been made upon him for said mules, horses and notes, or the proceeds thereof, and that defendant had failed and refused to return the same or to account with the prosecutor therefor.

We are of the opinion that the Court was authorized to make this finding from the evidence, and we have no power to review its findings if we were disposed to do so, which we are not. And upon these findings the Court overruled the defendant's plea in abatement, and refused to remove the case for trial.

It must be admitted from these findings that New Hanover or Columbus County, and probably both of them, had jurisdiction of this offense (if it was an offense). And this being so, it only remains to be seen whether Robeson County also has jurisdiction. And it seems that, as the contract was made in Robeson by which the defendant came into possession of this property, that it was delivered to him, and he received the same in Robeson County, and that he was to return it to the prosecutor from whom he got possession, or to account for

and pay over the proceeds to the prosecutor in Robeson County, that Robeson County also had jurisdiction of the offense.    7 Enc. of Pl. and Pr., 412, 413 ; McLean on Crim. Law, sec. 650, 651.

The plea was properly overruled, and the motion to remove was properly refused.

No error.