## STATE v. R. P. OLIVER.

(Filed 24 October, 1923.)

**1. Courts—Criminal Law—Jurisdiction—Pleas—Abatement.**

Under our statute, a criminal offense is deemed to have taken place in the county in which the indictment charges it had occurred, unless the defendant deny the same by plea in abatement. C. S., sec. 4606.

**2. Same—Waiver.**

While the court's jurisdiction of the subject-matter of a criminal offense may not be acquired with the defendant's consent, it is otherwise as to the jurisdiction of his person; and where he asks and obtains a continuance of the action against him, he waives the court's want of jurisdiction of his person, and thereafter a plea in abatement comes too late.

PLEA IN ABATEMENT, heard by *Cranmer, J.,* at July Term, 1923, of NEW HANOVER.

The defendant was indicted for false pretense, in that he represented to the Morris Fertilizer Company that he was the owner of the farm on which he lived in Sampson County, and that it was free from incumbrances, whereas the farm was owned by another and was incumbered to the amount of $9,000, and that by means thereof he obtained certain sacks of fertilizer from the company, to its loss. The order of the court

recites the defendant's execution in New Hanover County of a contract to handle fertilizers in 1920 as the company's agent; that this contract was lost, and that the company mailed to the defendant another contract, which he signed in Sampson County on 9 February, 1920, and then mailed to the company at Wilmington.

The indictment was found at the June Term, 1923, of the Superior Court of New Hanover, and thereafter, at the same term, the defendant moved to continue the case. His motion was allowed, and the case was set for trial on a certain day of the July term. On the day set for trial the defendant, without giving previous notice, filed a plea in abatement, on the ground of improper venue, contending that, under the contract, the fertilizer was received in Sampson, and the crime, if any, was committed there.

The plea was overruled, and the defendant excepted and appealed.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*

*Nathan Cole and Leon G. Stevens for defendant.*

ADAMS, J. At common law, crimes of a local character could be prosecuted only in the jurisdiction in which they were committed, and the venue was laid in such county or district. It was ordinarily the duty of the prosecution to show that the offense was committed in the county in which the indictment was returned; otherwise, the defendant was entitled to an acquittal. 1 Archbold's Cr. Pr. & Pld., sec. 211; *S. v. Carter*, 126 N. C., 1011. But this rule has been changed by statute, and it is now provided that in the prosecution of all offenses it shall be deemed and taken as true that the offense was committed in the county in which by the indictment it is alleged to have taken place, unless the defendant shall deny the same by plea in abatement. C. S., sec. 4606; *S. v. Woodard*, 123 N. C., 710; *S. v. Holder*, 133 N. C., 710.

The plea was filed by the defendant, and the question is whether, under the circumstances disclosed by the record, it is available in his behalf. The Court has frequently held that a plea in abatement must be filed in apt time—usually not later than the arraignment. *S. v. Seaborn*, 15 N. C., 311; *S. v. Haywood*, 73 N. C., 437; *S. v. Griffice*, 74 N. C., 317; *S. v. Baldwin*, 80 N. C., 390; *S. v. Watson*, 86 N. C., 624; *S. v. Holder*, 133 N. C., 710.

It does not appear whether, when the defendant made his motion in open court, he was formally arraigned, or whether a plea of not guilty was then entered of record; but in our view of the law the question presented for decision is not necessarily dependent on the time of arraignment.

STATE v. OLIVER.

To sustain the indictment it was essential that the court have jurisdiction both of the subject-matter and of the person of the defendant. Jurisdiction of the offense could neither be waived nor conferred by consent; but as to the court's jurisdiction of the crime no question is raised. With respect to the defendant's person, this rule is less rigid, for irregularities in obtaining jurisdiction of his person may be waived by the defendant. 16 C. J., 174, sec. 225; ib., 176, sec. 231; ib., 412, sec. 747; 8 R. C. L., secs. 23, 55.

A plea in abatement is a dilatory plea; if it is sustained, the trial may be delayed, but the defendant is usually retained in custody to await the return of another indictment. Clark's Cr. Pr., 377; S. v. Griffice, supra. This is probably a reason for holding that such plea will not be entertained after an appearance by the defendant and a continuance of the cause. Bishop remarks: "After a general continuance it is too late to plead in abatement." New Cr. Pr., Vol. I, 567, sec. 730 (2); ib., sec. 791 (5). To the same effect is Davis v. The People, 192 Ill., 185, in which it is said: "By entering his appearance, and moving to continue the cause, the plaintiff in error acknowledged the jurisdiction of the court, and thereafter it was too late to plead in abatement." Also, in Gill v. State, 134 Tenn., 597, the Court observed: "However, it [the plea in abatement] was waived because the defendant allowed one continuance to pass, and only filed his plea at the next term, when the case was called for trial, without giving sufficient reason for the delay." Likewise, in S. v. Myers, 78 Tenn. (10 Lea), 717, the plea was stricken out on motion, because it had been filed after a general continuance. See, also, Hubbard v. State, 72 Ala., 164; Verberg v. State, 137 Ala., 73.

The record shows that, after the indictment had been returned, the defendant appeared in court and made his motion for a general continuance, and the case was thereupon set for trial on a day certain at the next term. The plea was filed on the day set for trial, and was too late. By procuring the order of continuance, and thereby submitting himself to the jurisdiction of the court, the defendant waived his legal right to insist on the plea.

We are not inadvertent to the decision in S. v. Jackson, 82 N. C., 566; but in that case it appeared that the indictment was found at the term to which the defendants had been bound, and the cause, without further action, was continued. The defendants, so far as the record shows, did not appear in court or move for a continuance or submit to the jurisdiction, and were formally arraigned at the ensuing term.

The judgment of his Honor denying the defendant's plea in abatement is affirmed and the cause is remanded for further proceedings.

Affirmed.