The defendant was indicted and convicted of offering a bribe to Hurst Justice, a qualified juror serving in a criminal action entitled "State v. W. B. Davis et al.," tried at a Special Term of the Superior Court of Buncombe County, which was convened in July, 1931. From the judgment pronounced he appealed to the Supreme Court upon assigned error.
Hurst Justice, the juror, H. L. Justice his father, and W. B. Noland the defendant, are residents of Haywood County. The State's evidence tends to show that while the criminal action against Davis and his codefendants was being tried in Asheville, the defendant Noland went to the home of H. L. Justice and told him that if he could ascertain how Hurst Justice stood with respect to the trial and if he stood for acquittal, H. L. Justice and the defendant could each get $500 for learning how the juror stood and the juror himself could get $1,000 "for standing that way"; also that the defendant said, "I am not expecting to bribe him; if he is against us I don't want to change him; but if he is for us I would love to get the money." There is evidence that he requested H. L. Justice to communicate the proposition to the juror's wife; that the defendant with H. L. Justice and the latter's wife went to the home of the juror who was in Asheville; and that H. L. Justice informed his daughter-in-law of the offer after the defendant had gone on to the dwelling of Brownlow Snider, another member of the jury. It is in evidence, also, that the juror's wife went to Asheville during the trial and told her husband all that the defendant had said. It is obvious, then, that whatever message the juror received from the defendant through these intermediaries was communicated to him in Buncombe County. There, if anywhere, the corrupt offer was made to him and there the proper venue was laid. "In the prosecution of all offenses it shall be deemed and taken as true that the offense was committed in the county in which by the indictment it is alleged to have taken place unless the defendant shall deny the same by plea in abatement." C. S., 4606; S. v.Outerbridge, 82 N.C. 618; S. v. Lytle, 117 N.C. 799; S. v. Long,143 N.C. 671; S. v. Oliver, 186 N.C. 329; S. v. Mitchell, *Page 332 202 N.C. 439. The defendant was, therefore, not entitled to a change of venue and his motion for removal of the case to Haywood County was properly denied.
The defendant demurred to the first count in the indictment for the alleged reason that it does not state facts sufficient to constitute the crime of bribing a juror as defined in C. S., 4375, and does not charge that the juror received any fee or other compensation as a reward for his misconduct or that he acted corruptly.
Bribery, as defined by Blackstone, was committed when a judge or other person concerned in the administration of justice took any undue reward to influence his behavior in his office. 4 Black., 139. Russell, in his work on Crimes, extends the definition to all cases where any undue reward is received by or offered to any person whose ordinary business relates to the administration of public justice in order to influence his behavior in office and incline him to disregard the known rules of honesty and integrity. 2 Russell, Crimes, 122. Wharton says, "Bribery is corruptly tendering or receiving a price for official action." 3 Crim. Law (12 ed.), sec. 2234.
With respect to juries our statute (C. S., 4375) provides in part that if any juror either directly or indirectly shall take anything from any defendant in a State prosecution or from any other person to give his verdict, the juror receiving and the person giving the reward shall be guilty of a felony; and another statute declares that any person who offers a bribe, whether it be accepted or not, shall be guilty of a like crime. C. S., 4373. The several statutes pertaining to the subject recognize the distinction between bribery and an offer to bribe. C. S., 4372, et seq.
Under the earlier indictments the offer or tender of a bribe was usually characterized as "corrupt," but the law prescribes no exclusive formula for stating the corrupt intent, no technical words in which the charge of corruption shall be made. Wharton's Criminal Law, (12 ed.), sec. 1903. If the bill is sufficient to enable the court to proceed to judgment, the prosecution should not be stayed for any informality or refinement. C. S., 4623. Assuming, however, that the indictment must set out the evil intent, we observe in the first count an averment that the defendant unlawfully, wilfully, and feloniously offered a bribe to an acting juror with intent to influence the verdict and to procure the acquittal of the defendants. This is a sufficient charge of the corrupt purpose.
The defendant's objection to the examination of H. L. Justice, a witness for the State, is without substantial merit. The witness had made an affidavit as to facts which were material and upon his examination in this case was hesitant and evasive in his answers to questions asked him by the solicitor. The court gave the prosecuting officer leave to *Page 333 
call the attention of the witness directly to the contents of his affidavit. The examination was not intended as an impeachment of the witness but as an effort to refresh his memory by reference to statements he had previously made and to prevent confusion or equivocation in his testimony. The trial court in the exercise of its discretion may under such circumstances permit a party to propound leading questions to his own witness. S. v. Buck, 191 N.C. 528; Howell v. Solomon, 167 N.C. 588; S.v. Cobb, 164 N.C. 419.
The testimony of this witness in reference to the receipt of a letter written him by the juror's wife corroborated her testimony and was competent at least for this purpose. S. v. Brodie, 190 N.C. 554. The order in which the evidence should be introduced was a matter for the court. Steel Co. v. Copeland, 159 N.C. 556. Mrs. Justice's testimony was admissible likewise, not only in corroboration of H. L. Justice, but as evidence of an indirect communication of the defendant to the juror, who was her husband. The exception rests upon the contention that she had not been instructed by the defendant to inform her husband of the offer. This is a misapprehension. There is evidence that the defendant requested H. L. Justice "to talk over the proposition" with Mrs. Justice; that he did so, and asked her to tell her husband of "the entire proposition." The defendant was "to come back for the affiant" — obviously to learn from H. L. Justice the result of the interview between the juror and his wife. This is any event is a permissible inference. Mrs. Justice communicated the offer to her husband and made an affidavit to this effect. The affidavit was admitted in corroboration of her testimony and was competent for this purpose although made in another proceeding. Her statements in the two cases correspond, each strengthening and confirming the other. It is in evidence or is deducible from the evidence that the defendant intended to see the juror in person when he went to the latter's home and failing in his endeavor sought to communicate the offer through the agency of others and finally succeeded in his undertaking. In these circumstances assignments 15, 16, 17, and 18 must be overruled.
We find no error in the judge's charge. Several of the assignments relate to the contentions of the State, some to the court's use of the word "intended," and others to the "criminal intent" of the defendant; but the vital issue joined upon the indictment was presented to the jury under instructions which are in substantial compliance with the provisions of C. S., 564, and are free from error.
After considering the evidence and the charge, the jury returned into the courtroom and announced as their verdict "guilty of attempt." The court then told the jury that the defendant was not on trial for an attempt to commit a crime, and gave this additional instruction: "The offense charged is that he is guilty of offering a bribe; that does not *Page 334 
mean he carried the bribe himself and offered it to the person he attempted to bribe, but he could do it himself or do it through another." The jury retired and afterwards returned as their verdict, "Guilty of offering a bribe to the juror Hurst Justice." The defendant excepted to the court's refusal to accept the return first announced and to the further instruction given the jury.
The phrase "Guilty of attempt" was not a complete verdict. The words do not necessarily import an attempt to commit a crime. Furthermore, to be complete a verdict must be accepted by the court for record. When an informal, insensible, or repugnant verdict is returned the jury may be directed to retire, reconsider the matter, and bring in a verdict which is proper in form. S. v. Hudson, 74 N.C. 246; S. v. Whitaker, 89 N.C. 473;S. v. Godwin, 138 N.C. 582; S. v. Snipes, 185 N.C. 743. This is the course which the court pursued.
The defendant excepted to the last instruction for the reason that the court did not charge the jury in reference to the question of an attempt to commit the crime charged. An attempt to bribe and an offer to bribe are analogous. Wharton says, "Defining bribery to be the corruptly tendering or receiving a price for official action, it is an offense at common law and so is an attempt to bribe even though the offense be not consummated; and the offense is complete when an offer is made." 3 Crim. Law (12 ed.), sec. 2234. Bishop remarks that for the attempt to bribe it is not enough simply to allege that the defendant did attempt to commit bribery, and that the better common-law form suggests the use of such words as "offer," "solicit" and the like. 3 New Crim. Procedure (2 ed.), sec. 126(2). In 2 Cyc. Crim. Law, sec. 1211, it is said: An "attempt to bribe" is the same as an "offer to bribe," and that an attempt to offer a bribe is an attempt to bribe and not an attempt at an attempt. Johnson v. State, 92 N. S.W., 257; People v.Bennett, 182 N.Y. App. Div., 871. The exception is to the refusal of the court to charge that the defendant could be convicted of an attempt to perpetrate an attempt.
To prevent confusion the trial judge informed the jury that the indictment was drafted in the words of the statute (C. S., 4373) charging an "offer" and not an "attempt" to bribe the juror. The case was tried upon the theory of an offer, and that of "an attempt at an attempt" seems to have been raised after the first purported verdict had been returned.
We find no error in the trial. The offense of which the defendant is convicted, while of remarkable rarity in this State, calls for stern condemnation. There is no room for palliation. It tends to corruption, to the perversion of justice, to the paralysis of the courts. As remarked by Blackstone, "It is calculated for the genius of despotic countries where the true principles of government are never understood."
No error. *Page 335