### STATE v. W. T. SHORE.

(Filed 20 June, 1934.)

**1. Criminal Law E e—**

    Pleas in abatement, being dilatory pleas, are not favored.

**2. Criminal Law D d—Indictment held to charge embezzlement in county of prosecution, and defendant's plea in abatement was properly denied.**

    An indictment charging that defendant did feloniously embezzle certain certificates of deposit in the county in which the prosecution is instituted *is held* not subject to defendant's plea in abatement on the ground that the certificates of deposit were issued by a bank in another county and that such other county was the proper venue of the prosecution, since the indictment charges the embezzlement of the certificates of deposit and not the proceeds of the certificates. C. S., 4606.

APPEAL by defendant from *Alley, J.,* at January Term, 1934, of FORSYTH.

Indictments for embezzlement charging that the defendant, as agent of Mrs. Maude B. Trotman, guardian, did, on 16 June, 1932, and again on 17 October, 1932, in Forsyth County, "feloniously embezzle and convert to his own use, and did take, make away with and secrete, with intent to embezzle and fraudulently convert to his own use" a certain certificate of deposit of $50,000 (issued by a Charlotte bank), contrary to the provisions of C. S., 4268.

The defendant filed a plea in abatement to each bill and moved for *quashal* or dismissal on the ground that Forsyth County was not the proper venue, but that whatever was done in connection with said certificates of deposit took place in Mecklenburg County, and not elsewhere.

Upon the hearing of these pleas, the court found, *inter alia,* upon the affidavits submitted, that "the two certificates of deposit described in the bills of indictment in these causes were removed from the safety deposit box by W. T. Shore and Mrs. Maude B. Trotman, guardian, endorsed by her and delivered to the defendant, W. T. Shore, in Winston-Salem, Forsyth County, North Carolina."

By consent, it was stipulated that the court's findings of fact should be used solely for the purpose of passing upon the pleas in abatement.

The court refused to sustain the defendant's pleas in abatement and held him for trial in Forsyth County.

From this ruling, the defendant appeals, assigning error.

*Attorney-General Brummitt and Assistant Attorney-General Seawell for the State.*

*E. T. Cansler, N. A. Townsend and John C. Wallace for defendant.*

STACY, C. J. The pleas in abatement were properly denied. *S. v. Carter,* 126 N. C., 1011, 35 S. E., 591.

We are not now concerned with whether the State can make out its case, or with the guilt or innocence of the accused, but only with the question of venue. C. S., 4606. "Pleas in abatement, being dilatory pleas, are not favored at common law or under The Code"—*Walker, J.,* in *Emry v. Chappell,* 148 N. C., 327, 62 S. E., 411.

It is charged in each bill that in violation of C. S., 4268, the defendant, as agent, etc., did, in Forsyth County, on the date mentioned, feloniously embezzle the certificate of deposit described therein, with intent fraudulently to convert the same to his own use. *S. v. Oliver,* 186 N. C., 329, 119 S. E., 370; *S. v. Allen,* 107 N. C., 805, 11 S. E., 1016. The charge is not that the defendant embezzled the proceeds of said certificates, but that he embezzled the certificates themselves as condemned by the statute. *S. v. McDonald,* 133 N. C., 680, 45 S. E., 582.

The case of *S. v. Mitchell,* 202 N. C., 439, 163 S. E., 581, cited and relied upon by appellant, was decided on other facts and is easily distinguishable.

Upon the record, the defendant is subject to trial on the indictments in Forsyth County. 9 R. C. L., 1293; Annotation L. R. A., 1918E, 744.

Affirmed.