STATE v. GARVEY RAY ET AL.

(Filed 8 April, 1936.)

1. **Indictment O d—Defendant must aptly enter plea in abatement to present contention that crime was committed in another county.**

Defendant moved to quash the indictment in this prosecution for receiving stolen goods knowing them to have been stolen, on the ground that the evidence showed that the property, if stolen, was stolen in another county, and, if received by defendant, was received by him in a third county. *Held:* The motion to quash was correctly denied, even without taking into consideration the provisions of C. S., 4250, since, under the provisions of

C. S., 4606, the crime is presumed to have been committed in the county laid in the bill of indictment unless defendant aptly enters a plea in abatement.

2. **Criminal Law G b—Evidence of guilt of other crimes is competent when tending to establish scienter constituting element of the crime charged.**

While ordinarily evidence of guilt of crimes other than that charged in the bill of indictment is not competent, the rule is subject to the exception that when guilty knowledge is an essential element of the crime charged, evidence of guilt of other crimes is competent when such evidence tends to establish guilty knowledge or *scienter*, and in this prosecution for receiving stolen goods knowing them to have been stolen, evidence tending to show that defendant had in his possession stolen goods bearing no consignee marks, or which had had the consignee marks removed, on three separate occasions other than the occasion charged in the indictment, the collateral occasions having occurred, respectively, two weeks prior to the date charged in the indictment, and three and ten days thereafter, *is held* competent as tending to show defendant's knowledge at the time of receiving the goods as charged in the indictment that same had been stolen.

3. **Criminal Law G t—Best and secondary evidence rule held not applicable to facts of this case.**

The contents of a specified box car was a material fact involved in this prosecution for receiving stolen goods knowing them to have been stolen. The State introduced witnesses who testified from their own knowledge as to the contents of the car. Defendant objected to the testimony on the ground that the records of the railroad company were the best evidence as to the contents of the car. *Held:* The best and secondary evidence rule applies in proving the contents of a written instrument but is inapplicable in proving the contents of the box car, and defendant's objection is untenable.

4. **Criminal Law I g—Instruction in this case held to sufficiently charge jury on question of burden of proof.**

The charge of the court in this case, when construed contextually as a whole, *is held* to sufficiently instruct the jury that they were required to find defendant guilty of each of the essential elements of the crime beyond a reasonable doubt before they could convict him, and defendant's objection to the charge on the ground that the court failed to instruct the jury that the burden of proof was on the State, and failed to define the term, is untenable.

APPEAL by defendant Ray from *Small, J.,* at August Term, 1935, of PITT. No error.

Allen J. Honeycutt, Garvey Ray, Emanuel Crump, John Dunbar, and James Hinton were placed upon trial upon a three-count bill of indictment charging that they, on or about 5 April, 1935, in the county of Pitt, (1) feloniously broke and entered freight car No. 20635 of the Norfolk Southern Railroad Company with the intent to commit a felony

therein, (2) committed larceny of several cases of cigarettes consigned to Sea Stores Warehouse No. 2, District of Maryland, and (3) feloniously received several cases of cigarettes of the value of $500.00, which had been in the custody of the Norfolk Southern Railroad Company for the purpose of transportation, then and there well knowing that said cigarettes had been stolen. A verdict of not guilty was entered as to the defendants Honeycutt and Ray upon the first and second counts, and as to them the jury returned a verdict of guilty upon the third count. The other defendants, in the course of the trial, entered a general plea of guilty, and were used as State's witnesses. From judgment pronounced, the defendant Garvey Ray alone perfected appeal to the Supreme Court.

The evidence introduced by the State, as it relates to the appellant Ray, tended to show that 20 cases of Lucky Strike cigarettes were loaded on Norfolk Southern freight car No. 20635, at Durham, on 4 April, 1935, and that these cigarettes were consigned to "Sea Stores," since they were not for consumption in this country, but for use on the water, and contained no government revenue stamps; that said car was routed to Berkeley, Va., and on 5 April, 1935, at Greenville, one Boston Mc-Neill and the codefendants Dunbar, Hinton, and Crump, broke and entered the car and threw out some of the cigarettes, near Greenville, in Pitt County, and some of them at Marsden, in Beaufort County; that Dunbar, Hinton, and Crump came to Wake County and told Honeycutt that they had the cigarettes, whereupon Honeycutt took them to the home of the appellant Ray, his son-in-law, and there Ray made arrangements for his truck, driven by his brother, to take them back to Greenville and Marsden to get the cigarettes; that they got the cigarettes at Marsden, but were unable to find those near Greenville; that they brought the cigarettes in the truck of the appellant Ray to his filling station in Wake County, and the appellant then and there took charge of the truck and of the cigarettes therein; and that on the following day at the "regular meeting place" and "regular pay-off place" on Peace Street, in the city of Raleigh, the defendant Honeycutt, in the presence of the appellant Ray, paid them $48.00 for five cases of Lucky Strike cigarettes, and stated, also in the presence of the appellant, that he could not pay more because the cigarettes had gotten soiled and wet, and that on the next trip he wanted some Camels.

There was further evidence by the State, admitted over the objection of the appellant, which tended to show that in March, 1935, the appellant Ray went with one Boston McNeill and some of the codefendants to Youngsville, in Franklin County, and there loaded on his truck and hauled to his place of business in Wake County 26 cases of Chesterfield cigarettes, which said McNeill and others had thrown out of a car of the Seaboard Air Line Railway Company; and also, tending to prove that

on 8 and 15 April, 1935, there were obtained from the place of business of the appellant Ray on the Wake Forest Road, in Wake County, four cases of Camels and Chesterfield cigarettes, upon which there were no consignee marks, and from some of which it appeared consignee marks had been removed.

The evidence introduced by the appellant tended to show that he was in Florida on 5 and 6 April, 1935; that he left his home in Wake County in an automobile on 29 March, 1935, for Arcadia, Florida, to drive some friends to attend a funeral of a kinsman who had died the preceding day; that he left Arcadia, Florida, on 7 April, and arrived at Raleigh about 2:00 o'clock p.m. on 9 April. The appellant also introduced evidence tending to show that his wife had purchased Camel and Chesterfield cigarettes from a man in a truck.

*Attorney-General Seawell and Assistant Attorney-General McMullan for the State.*

*Ellis Nassif and Douglass & Douglass for defendant, appellant.*

SCHENCK, J. Upon the close of the evidence the appellant moved the court to·"quash the indictment" for the reason that he could not be tried in Pitt County, since all of the evidence tended to show that the property involved, if stolen, was stolen in Beaufort County, and if received by him, was received by him in Wake County. The motion was denied by the court, and such denial is made the basis of exceptive assignments of error. The assignments cannot be sustained.

In order to sustain a conviction it is not necessary for the State to prove that the crime occurred in the county where the indictment is drawn, as, since the Act of 1844, "in the prosecution of all offenses it shall be deemed and taken as true that the offense was committed in the county in which by the indictment it is alleged to have taken place, unless the defendant shall deny the same by plea in abatement." C. S., 4606. *S. v. Outerbridge,* 82 N. C., 618. "Indeed, the offense, if proven, 'shall be deemed and taken' as having been committed in the county laid in the charge, unless the defendant, by plea in abatement, under oath, shall allege the transaction took place in another county, whereupon the case may be removed thither for trial." *S. v. Allen,* 107 N. C., 805. An offense is deemed to have been committed in the county in which it is laid in the indictment unless the defendant shall deny the same by plea in abatement, which ordinarily must be filed not later than the arraignment. *S. v. Oliver,* 186 N. C., 329, and cases there cited. "If the offense had not been committed in that county the defendant waived the objection by not pleading in abatement." *S. v. Lemons,* 182 N. C.,

828. There was no plea in abatement in the case at bar before arraignment, or at any time.

In the absence of a plea in abatement, it was not necessary for the State in this case to invoke the provisions of C. S., 4250, to the effect that one charged with receiving stolen property knowing it to have been stolen may be tried in any county in which he shall have had such property in his possession or in any county in which the thief may be tried.

There was evidence tending to show that within less than a month preceding the date of the commission of the crime for which the appellant was being tried, namely, 5 April, 1935, there had been other offenses of a similar nature committed by the appellant, and some of the other parties named in the bill of indictment, and that shortly after said date other stolen cigarettes were obtained from the appellant. This evidence was introduced by the State and admitted by the court over objection by the appellant, and is made the basis for exceptive assignments of error. There was no error in the admission of this evidence, since it comes within a well recognized exception to the general rule that a particular crime may not be proved by evidence of distinct substantive offenses. The exception is that when it becomes necessary to prove the guilty knowledge of the accused, evidence of similar independent offenses committed by him is competent to show such knowledge, or *scienter*. In *S. v. Twitty*, 9 N. C., 248, wherein the defendant was charged with uttering forged money knowing it to be forged, the court cited various authorities and said: "These authorities seem to go the length of proving that where an offense consists in a knowledge of the thing done to be unlawful, evidence may be given to bring home that knowledge to the prisoner, although a disclosure of other facts and transactions for which the defendant is not then on trial may be the consequence. . . . The *quo animo* with which he passed the note is to be collected from the concomitant circumstances." See, also, *S. v. Walton*, 114 N. C., 783; *S. v. Pannil*, 182 N. C., 838; *S. v. Ferrell*, 205 N. C., 640; Lockhart's N. C. Evidence, par. 213. Guilty knowledge is an essential element of the crime with which the appellant was charged, the words of the statute creating it being, "such person knowing the same to have been feloniously stolen or taken, . . ." C. S., 4250.

This exception to the general rule applies not only to prior transactions of the accused but also to his recent subsequent transactions of a similar nature. In *S. v. Murphy*, 84 N. C., 742, Ashe, J., cites *Rex v. Davis*, 6 Car. & P., 117, where, on a trial for knowingly receiving stolen goods, for the purpose of showing guilty knowledge of the defendant, evidence was admitted that other stolen goods were found at the same time in his possession, although they were the subject of an indictment then pending, and writes: "So, on a charge for sending a threatening

STATE *v.* RAY.

letter, prior and subsequent letters from the defendant to the person threatened have been received in evidence explanatory of the meaning and intent of the particular letter upon which the indictment is found." The following from *S. v. Jeffries,* 117 N. C., 727, is cited and quoted in the brief of the appellant: "If such testimony be admissible to prove such intent, the 'collateral offense' sought to be proved must be confined to a time before or just about the time the offense charged against the defendant is alleged to have been committed."

The evidence of prior collateral offenses which the State introduced tended to prove that 26 cases of stolen Chesterfield cigarettes were hidden at Youngsville, in Franklin County, and that the appellant, in March, about two weeks before the date alleged in the bill of indictment as the date the defendant knowingly received stolen property, went with some of his codefendants and hauled them "to a little place back of his house" in Wake County. The evidence of subsequent collateral offenses which the State introduced tended to prove that on 8 April and 15 April, three and ten days, respectively, after 5 April, 1935, the date alleged in the bill of indictment, four cases of Chesterfield and Camel cigarettes (two cases on each date), with no consignee marks on them, were obtained from the appellant in Wake County. All of this evidence as to both prior and subsequent collateral offenses was sufficiently connected and contemporaneous with the crime charged to render it competent as tending to prove that the appellant knew that the cigarettes named in the bill of indictment were stolen at the time he received them.

As to all the evidence relative to similar collateral offenses, the court was careful upon its admission in each instance to instruct the jury that it was admitted only to show, if it did show, the knowledge on the part of the appellant that he was receiving stolen property when he received Lucky Strike cigarettes from his codefendants on or about 5 April, 1935. This instruction was also repeated in the charge.

The appellant directs a number of exceptions to the court's permitting the State to introduce, over his objection, parol evidence to establish the contents of Norfolk Southern freight car No. 20635, when there was evidence to the effect that the records of the railroad company showed such contents, upon the theory that such records were the best evidence of the fact sought to be proved. While it is generally agreed that writings themselves furnish the best evidence of their contents, the "best evidence rule" has no application here, since the fact sought to be proved was whether certain cigarettes had been put in a certain car, and had no relation whatsoever to the contents of any writing or record. No problem of primary and secondary evidence was presented. The making of a record did not prohibit a witness, who loaded the car and saw what went into it, from testifying as to its contents.

The appellant assigns as error that "the trial court did not at any time instruct the jury that the burden of proof was upon the State, nor did it explain to the jury the meaning of burden of proof." In the light of the charge as a whole, this assignment is untenable. At the outset of the charge his Honor correctly defined the offense of feloniously receiving stolen property knowing it to have been stolen, and told the jury that the defendant was presumed to be innocent until proved guilty beyond a reasonable doubt, and carefully explained the meaning of the words "reasonable doubt," and, later on in the charge, instructed the jury as follows: "Now, gentlemen, right there, if you convict Garvey Ray, you would have to be satisfied beyond a reasonable doubt, first, that he received the cigarettes at his filling station; and secondly, you would have to be satisfied beyond a reasonable doubt that at the time he received them he knew they were stolen goods. If you have a reasonable doubt about either one of these essentials, you would return a verdict of not guilty as to Garvey Ray." This instruction, when read contextually with the rest of the charge, fully meets the only exception to the charge brought forward in the appellant's brief.

In the trial in the Superior Court we find no error.

The motion in arrest of judgment lodged in this Court is denied.

No error.