STATE v. JOHN F. BLACK.

(Filed 8 November, 1939.)

**Bastards § 1: Criminal Law § 56—Motion in arrest of judgment is proper when, and only when, some fatal defect appears on the face of the record.**

Defendant pleaded guilty to an indictment charging him with the willful neglect and refusal to support his illegitimate child, and judgment was pronounced. Thereafter defendant moved in arrest of judgment on the ground that the power of the court to enter the judgment was taken

away by chapter 432, Public Laws of 1937, which repealed sec. 6, ch. 228, Public Laws of 1933. *Held:* Defendant's plea established his guilt of the offense charged and supported the judgment regardless of whether the whole of sec. 6, ch. 228, Public Laws of 1933, was repealed by the later act or not, and therefore no fatal defect appears upon the face of the record and the motion in arrest of judgment was properly denied.

APPEAL by defendant from *Bobbitt, J.,* at April Term, 1939, of RANDOLPH.

Proceeding upon indictment charging the defendant with willful neglect and refusal to support his illegitimate child, Frances Louise Frazier.

Upon plea of "guilty" at the December Term, 1938, Randolph Superior Court, it was adjudged that the defendant be imprisoned for a period of six months and to pay into the clerk's office the sum of $10.00 per week for the use and benefit of said illegitimate child.

At the April Term, 1939, the defendant lodged a motion in arrest of judgment on the ground that the power of the court to enter the judgment was taken away by ch. 432, Public Laws 1937, which repealed sec. 6 of ch. 228, Public Laws 1933.

From a denial of the motion, the defendant appeals, assigning error.

*Attorney-General McMullan and Assistant Attorney-General Bruton for the State.*
*Gold, McAnally & Gold for defendant.*

STACY, C. J. Without deciding whether the whole of sec. 6, ch. 228, Public Laws 1933, was intended to be repealed by ch. 432, Public Laws 1937, we think the power of the court to enter judgment in the case must be upheld on authority of what was said in *S. v. Bradshaw,* 214 N. C., 5, 197 S. E., 564. The defendant's plea of "guilty" presupposes the necessary disposition of matters required to establish his willful neglect or refusal to support the child in question.

Having admitted his guilt, the defendant's motion in arrest of judgment was properly denied. *S. v. McKnight,* 196 N. C., 259, 145 S. E., 281.

A motion in arrest of judgment is proper when—and only when—some error or fatal defect appears on the face of the record. *S. v. Bradley,* 210 N. C., 290, 186 S. E., 240; *S. v. Satterfield,* 207 N. C., 118, 176 S. E., 466; *S. v. McKnight, supra.*

Affirmed.