STATE v. W. B. McKEON, ALIAS ARTHUR ROSSE.

(Filed 29 September, 1943.)

**1. Appeal and Error § 1—**

An appeal is for the purpose of correcting alleged errors of law apparent on the face of the record.

**2. Appeal and Error § 5—**

On a motion in arrest of judgment, made originally in the Supreme Court, it is appropriate to grant the relief, when, and only when, some fatal error or defect appears on the face of the record proper.

**3. Indictment § 9: Criminal Law §§ 14, 20—**

Where there is no challenge to the indictment prior to a plea of guilty, under C. S., 4606, the offense is deemed to have been committed in the county alleged in the indictment.

**4. Criminal Law §§ 17, 77d—**

In a criminal prosecution, where defendant entered a plea of guilty and thereafter appealed, on "an agreed case on appeal" wherein it was stated that the offense was committed in a county other than the county appearing in the indictment, this discrepancy will be disregarded, first, because it is at variance with the record, and second, because of its immateriality, as the appeal is from a judgment rendered on a plea of guilty.

APPEAL by defendant from *Parker, J.,* at May-June Term, 1943, of EDGECOMBE.

Criminal prosecution tried upon indictment charging the defendant with breaking into Sprinkle's Service Station in Edgecombe County on 30 May, 1943, and stealing therefrom money and goods of less than $20 in value, the property of Sprinkle's Service Station.

To this indictment, the defendant, a 16-year-old boy from Worcester, Mass., came into court and pleaded guilty.

Judgment: Six months on the roads, to be suspended for two years upon condition that the father of the defendant pay the costs and take the defendant back home with him.

On 11 June, 1943, the defendant served notice of appeal, and stated in the notice that the "appeal is taken because the said judgment is contrary to law and the evidence in the case."

In an "agreed case on appeal," signed by the solicitor and counsel for the defendant, it is stated that the defendant was first tried in the Recorder's Court of Rocky Mount and bound over to the Superior Court of Edgecombe County; that he was without counsel or guardian to assist him prior to entering his plea of guilty in the Superior Court and that Sprinkle's Service Station is not located in Edgecombe County, but is located in that portion of Rocky Mount which is in Nash County.

It does not appear that this last circumstance was brought to the attention of the trial court. Thereafter, following the adjournment of the May-June Term of court, the defendant's father came to Tarboro and employed counsel, who immediately gave notice of appeal.

*Attorney-General McMullan and Assistant Attorneys-General Patton and Rhodes for the State.*
*H. H. Philips for defendant.*

STACY, C. J. The defendant pleaded guilty to the charge as contained in the bill of indictment. There was no other plea before or after judgment in the Superior Court. The appeal is to correct alleged errors of law apparent on the face of the record. *S. v. Calcutt,* 219 N. C., 545, 15 S. E. (2d), 9; *S. v. Warren,* 113 N. C., 683, 18 S. E., 498; *S. v. Finch,* 218 N. C., 511, 11 S. E. (2d), 547; 2 Am. Jur., 987.

On motion in arrest of judgment, made initially in this Court, *S. v. Finch, supra,* it is appropriate to grant the relief, when, and only when, some fatal error or defect appears on the face of the record proper. *S. v. Black,* 216 N. C., 448, 5 S. E. (2d), 313; *S. v. McKnight,* 196 N. C., 259, 145 S. E., 281; *S. v. Bryson,* 173 N. C., 803, 92 S. E., 698; *S. v. Turner,* 170 N. C., 701, 86 S. E., 1019. No such error or defect appears on the face of the record in the instant case. *S. v. Linney,* 212 N. C., 739, 194 S. E., 470. It is true, in the "agreed case on appeal" the offense is laid in Nash County, rather than in Edgecombe, which would be fatal if it appeared in the indictment, *S. v. Beasley,* 208 N. C., 318, 180 S. E., 598, but this discrepancy is to be disregarded, first, because it is at variance with the record proper, *S. v. Wheeler,* 185 N. C., 670, 116 S. E., 413; *Ins. Co. v. Bullard,* 207 N. C., 652, 178 S. E., 113, and second, because of its immateriality as the appeal is from a judgment rendered on a plea of guilty. *S. v. Abbott,* 218 N. C., 470, 11 S. E. (2d), 539. We are confined to the case as it was made to appear in the Superior Court.

It is provided by C. S., 4606, that in the prosecution of all offenses it shall be deemed and taken as true that the offense was committed in the county in which by the indictment it is alleged to have taken place, unless the defendant shall deny the same by plea in abatement. *S. v. Oliver,* 186 N. C., 329, 119 S. E., 370; *S. v. Noland,* 204 N. C., 329, 168 S. E., 412. Hence, as no challenge to the sufficiency of the indictment was interposed prior to the defendant's plea of guilty, the offense is deemed to have been committed in Edgecombe County. *S. v. Ray,* 209 N. C., 772, 184 S. E., 836; *S. v. Shore,* 206 N. C., 743, 175 S. E., 116.

On the record as presented, no fatal error has been made manifest. The result, therefore, cannot presently be disturbed.

Affirmed.