STATE v. BROWN.

*Attorney-General McMullan and Assistant Attorney-General Bruton for the State.*
*Charles L. Abernethy, Jr., for defendant appellant.*

---

STATE v. JOE BROWN.

(Filed 25 March, 1953.)

**Criminal Law § 56: Indictment and Warrant § 11½ —**

> Where a defendant charged with a felony pleads guilty to a misdemeanor, his motion in arrest of judgment for defect in the indictment charging the felony cannot be sustained, since sentence in such case is based upon defendant's voluntary plea and not upon the indictment.

APPEAL by defendant from *Sharp, Special Judge,* September Term, 1952, of CRAVEN.

Criminal prosecution upon a warrant issued out of Craven County Recorder's Court charging that on or about 1 May, 1952, the defendant committed an assault upon Beatrice Rhodes, a female, he being a man over eighteen years of age; that said assault was made with a deadly weapon, to wit: a knife, with intent to kill, and did inflict serious injury.

The defendant appeared in the Recorder's Court and through his counsel waived a preliminary hearing and was bound over to the Superior Court.

A bill of indictment was returned against the defendant at the September Term, 1952, of the Superior Court of Craven County, charging him with the same offense set out in the warrant. The bill was marked "A True Bill" and signed by the foreman of the grand jury. To this bill the defendant entered a plea of guilty to an assault on a female.

The defendant was sentenced for a period of twenty-four (24) months to be confined in the common jail of Craven County and assigned to work on the roads of the State under the supervision of the State Highway and Public Works Commission.

The defendant moved in arrest of judgment on the ground that the bill of indictment is void on its face for failure to show clearly what action the grand jury took. The motion was denied and the defendant excepted and appealed to this Court.

*Attorney-General McMullan, Assistant Attorney-General Bruton, and Robert L. Emanuel, Member of Staff, for the State.*

PER CURIAM. There is nothing on the record before us to indicate any vagueness or irregularity by the grand jury in returning the bill of indictment as "A True Bill." Moreover, where a defendant is charged with a felony and pleads guilty to a misdemeanor, his motion in arrest of judgment for defect in the indictment charging the felony cannot be sustained. The sentence in such cases is based upon the defendant's voluntary plea and not upon the indictment for a felony. *S. v. Ray,* 212 N.C. 748, 194 S.E. 472; *S. v. McKeon,* 223 N.C. 404, 26 S.E. 2d 914.

The judgment below is

Affirmed.