STATE OF NORTH CAROLINA v. LUCKIE D. CARTWRIGHT

No. 852SC930

(Filed 3 June 1986)

1. **Criminal Law §§ 10 and 15; Conspiracy § 5— conspiracy and larceny of oil truck—defendant not in Washington County—properly tried in Washington County**

   In a prosecution in Washington County for conspiracy to commit larceny, felonious larceny, and felonious possession of stolen goods, the fact that defendant was not in Washington County when the conspiracy was formed and the larceny committed did not deprive Washington County of jurisdiction because judgment on the possession charge was arrested and the issue became moot; conspirators may be indicted and tried either where the conspiracy was formed or where an overt act in furtherance of the conspiracy was committed; the evidence was sufficient to show that defendant procured the commission of the larceny and the distinction that formerly existed between principals and accessories before the fact has been abolished. Moreover, there is no jurisdictional limitation on the admissibility of evidence. N.C.G.S. § 14-5.2.

2. **Criminal Law § 138.37— mitigating factor not found—testified truthfully in another prosecution—error**

   The trial court erred in sentencing defendant to more than the presumptive term for conspiracy to commit larceny, felonious larceny, and felonious possession of stolen goods by not finding in mitigation that defendant testified truthfully for the State in another felony prosecution where there was uncontradicted, manifestly credible testimony to that effect by the district attorney of a neighboring prosecutorial district. N.C.G.S. § 15A-1340.4(a)(2)h.

APPEAL by defendant from *Brown, Frank R., Judge*. Judgments entered 7 March 1985 in Superior Court, WASHINGTON County. Heard in the Court of Appeals 4 February 1986.

Defendant was convicted of conspiracy to commit larceny, felonious larceny, and felonious possession of stolen goods. Judgment was entered on the first two convictions but was arrested on the third. The State's evidence pertinent to defendant's appeal

tended to show the following: In December 1981, while at his home in Perquimans County, defendant, Freddie Lee, Darnell Jones and William Thatch discussed stealing a tanker truck loaded with diesel fuel oil from the Alligator Oil Company's facility at Creswell in Washington County. Defendant told them that diesel fuel was selling for a good price and he could sell all he could get. Shortly after dark on the evening of 12 January 1982, pursuant to a telephone call from defendant, Freddie Lee and Darnell Jones went to defendant's house; and while there defendant told them to go along with William Thatch to Alligator Oil Company's place in Creswell and steal a tanker truck that was loaded with about 9,000 gallons of diesel fuel. He said the keys were in the truck. Lee and Jones immediately drove to Creswell and verified that the loaded tanker was on the oil company's lot and that the keys were in the truck. They then drove to Elizabeth City and got Thatch, an experienced truck driver. All three men then went to Creswell, stole the loaded tanker, and took it to defendant's house. When they got there defendant was away but his wife said she knew what to do and telephoned for two other men to come and help unload the tanker. The men got several large, empty drums from one of defendant's outbuildings and began draining oil into them from the tanker. Before all the drums were filled defendant returned home, and when the last drum was filled he told Thatch to drive the tanker truck to Virginia and abandon it. Thatch then drove the vehicle away. Later the defendant paid Lee, Jones and Thatch $1,800 for their part in the theft. Defendant presented no evidence.

 *Attorney General Thornburg, by Assistant Attorney General Norma S. Harrell, for the State.*

 *Lennie L. Hughes for defendant appellant.*

 PHILLIPS, Judge.

[1] That the defendant was not in Washington County when the conspiracy was formed and the larceny was committed is the basis for three of the four assignments of error brought forward in the brief. Because of that circumstance defendant argues that Washington County did not have jurisdiction to indict and try him for conspiring to commit larceny and possessing stolen goods; that the evidence does not show that he committed any of the of-

fenses; and that the court erred in receiving testimony as to the various events that occurred in Perquimans County recited above. None of these contentions have merit for several good and fundamental reasons. First, whether Washington County had jurisdiction to try defendant on the possession charge is, of course, moot since judgment for that conviction was arrested. Second, that Washington County, where the planned and conspired crime became a reality, had jurisdiction to try defendant for the conspiracy is plain, even though he was not in that county when any of the crimes charged were committed; for in this state conspirators may be indicted and tried either where the conspiracy was formed or where an overt act in furtherance of the conspiracy was committed. *State v. Goldberg,* 261 N.C. 181, 134 S.E. 2d 334, *cert. denied,* 377 U.S. 978, 12 L.Ed. 2d 747, 84 S.Ct. 1884 (1964); *State v. Noland,* 204 N.C. 329, 168 S.E. 412 (1933); *State v. Lea,* 203 N.C. 13, 164 S.E. 737, *cert. denied,* 287 U.S. 649, 77 L.Ed. 561, 53 S.Ct. 95 (1932). Third, the larceny conviction was valid because the distinction that formerly existed between principals and accessories before the fact has been abolished, G.S. 14-5.2, and the evidence shows that defendant procured the commission of the larceny. Before G.S. 14-5.2 was enacted his role in the larceny would only have supported an indictment for being an accessory before the fact to larceny; but because of that statute the evidence supports defendant's conviction of the principal charge. *See State v. Gallagher,* 313 N.C. 132, 326 S.E. 2d 873 (1985); *State v. Woods,* 307 N.C. 213, 297 S.E. 2d 574 (1982). Fourth, in trials for crime there is no extra jurisdictional limitation on the admissibility of evidence. The admissibility of words spoken and deeds done by one charged with crime is determined not by the place where the deeds were done and things said, but by the relevancy of the words and deeds to the issues being tried. 1 Brandis N.C. Evidence Sec. 77 (1982). And the evidence in this case plainly shows that the words that defendant said and the things that he did in Perquimans County were as relevant and material to his guilt on both charges as was the stealing of the loaded tanker in Washington County; for they tended to show that defendant conceived, planned, instigated and directed both the conspiracy and the larceny, received and disposed of the plunder, and distributed the proceeds.

[2]  The other assignment of error argued—that his sentencing by the court was in violation of the Fair Sentencing Act—is well taken. In sentencing defendant to more than the presumptive term on each conviction the court found in aggravation that he had a prior conviction or convictions punishable by more than 60 days' confinement, found in mitigation that he had a good reputation in the community in which he lives, and found that the aggravating factor outweighed the mitigating factor. The finding and weighing of the factors stated was not error and defendant does not contend that it was. The error was in failing to find an additional factor in mitigation authorized by G.S. 15A-1340.4(a)(2)h— that he aided in the apprehension of another felon or testified truthfully for the State in another felony prosecution. There was uncontradicted, manifestly credible testimony to that effect by the District Attorney of a neighboring prosecutorial district, and under *State v. Jones*, 309 N.C. 214, 306 S.E. 2d 451 (1983) defendant was entitled to have that fact found and considered by the court before sentence was imposed. Thus, defendant must be resentenced.

No error in the trial; remanded for resentencing.

Judges ARNOLD and EAGLES concur.